Carmine J. Marasco, J.
The defendant was indicted in 1935, in Kings County, jointly with two others for the crimes of robbery in the first degree and grand larceny and assault in the second degree. On August 28, 1935, he was convicted by a jury of the crime of robbery in the first degree. On September 13, 1935, defendant was sentenced as a second felony offender to a term of 30 years in State prison. Following the judgment of conviction, defendant appealed to the Appellate Division. The judgment was unanimously affirmed (247 App. Div. 811). This is a motion in the nature of a writ of error coram nobis to vacate and set aside this judgment of conviction and sentence. . The testimony and evidence adduced at the hearing on this motion reveals that the jury, during its deliberations, requested further instructions on two separate occasions. In each instance counsel for this defendant was not present and was not notified. An attempt, by counsel for the codefendant, to inform the court of that fact was summarily rejected by the Trial Judge who then proceeded to give the jury further instructions on these two occasions. It appears that the trial court may have been under the erroneous impression that cocounsel was authorized to represent this defendant. As a matter of fact, however, he had no authority to represent this defendant. He testified to that effect as did the defendant petitioner. Unfortunately, the record of the trial also contained this error because the stenographer indicated therein that both defendants were present with their counsel in both instances and then named codefendant’s counsel as the attorney for both defendants. After conviction and sentence, this defendant’s mother retained other counsel to take an appeal. He never discussed the appeal with this defendant and prepared it on the record which was in error on this vital point. The defendant petitioner contends that he was deprived of his constitutional rights in that his counsel was not present and was not notified of the requests made by the jury for further instructions as required by section 427 of the Code of Criminal Procedure. The court finds that the contention of the defendant petitioner is borne out by the evidence. He was, therefore, deprived of due process and his constitutional rights violated in that he was not represented by counsel at this crucial stage of the trial.
The motion is granted and the judgment of conviction and sentence on this indictment set aside. It is directed that the defendant be produced before me at Trial Term, Part III, of this court, for arraignment on the 14th day of June, 1955.