Abraham N. Geller, J.
This is an application for a writ of error coram nobis to vacate a judgment of conviction rendered after a jury trial whereby the defendant was found guilty of the crime of robbery in the first degree and sentenced (Wallace, J.) on January 29, 1940 to State prison for a term of not less than 10 years and not more than SO years.
The gravamen of the motion is that this defendant’s rights were violated in that he was not present in the courtroom when the testimony of certain witnesses was read to the jury after the jury had requested the information during the course of its *463 deliberations. The defendant’s application is based on section 427 of the Code of Criminal Procedure, which provides that when a jury desires additional information during its deliberations, it must be brought into court and, “ the information required must be given after notice to the district attorney and to the counsel for the defendant, and in cases of felony, in the presence of the defendant.”
The defendant has requested a hearing on the issues and the district attorney has appeared and submitted an affidavit in opposition thereto, and submits that the motion be denied without a hearing.
The defendant was originally tried on this indictment in 1937 and was convicted of the crime of robbery in the first degree but the conviction was thereafter reversed by the Appellate Division and a new trial ordered (People v. Shapiro, 255 App. Div. 380).
The instant conviction was affirmed by the Appellate Division (260 App. Div. 861) and by the Court of Appeals (287 N. Y. 824). The defendant was represented by the same privately retained counsel on the first trial and appeal, and on the second trial. Another attorney and his associate represented this defendant on the aforesaid successive appeals from the judgment of conviction now being attacked.
This proceeding is evidently a case of first impression in the field of coram nobis in the State of New York. The inherent right of a defendant to be present during all the stages of a trial of a felony has been recognized as fundamental in the jurisprudence of this State. In Maurer v. People (43 N. Y. 1, 3-4) the Court of Appeals reversed a judgment of conviction and ordered a new trial because of the absence of the defendant from the courtroom when the jury was returned thereto in order to receive further instructions which it had requested. The reversal of the conviction was entered after an appeal from the judgment and a motion in arrest of judgment.
The court must first determine whether the ground urged on this motion comes within the scope of coram nobis relief.
Assuming, arguendo, that the defendant was not present at the time the testimony was read to the jury, would this fact bring the instant application within the area of coram nobis 1
The writ of error coram nobis in New York State is an extraordinary remedy of limited application which is available only to correct errors in fact not appearing on the record, for which no available legal remedy existed. (People v. Sadness, 300 N. Y. 69; People v. Kendricks, 300 N. Y. 544; Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 6; Judge *464 Stanley H. Fuld, The Writ of Error Coram Nobis, N. Y. L. J., June 7, 1947, p. 2248, col. 2; cf. People ex rel. Wachowicz v. Martin, 293 N. Y. 361.)
The alleged defect complained of herein, namely, defendant’s absence, is not a matter “ outside the record ”. The minutes which defendant now relies on to show his alleged absence when the jury returned were part of the printed record on appeal and undoubtedly were used by defendant’s counsel in preparing his appeal. The alleged defect, therefore, was patently part of the record and consequently the application must be denied.
The application is without merit for another reason, e.g., that at least two legal remedies were available to the defendant to attack the allegedly defective verdict. First, section 465 of the Code of Criminal Procedure specifically provides for the granting of a new trial after a verdict has been rendered against a defendant: “1. When the trial has been had in his absence, if the indictment be for a felony ”. Second, defendant could have appealed from the judgment of conviction by reason of the alleged defect, under section 427 of the Code of Criminal Procedure. However, when the judgment of conviction herein was appealed, counsel for the appellant at no time urged the absence of the defendant during the trial as a ground for reversing the conviction. The appeal was pursued on other grounds.
In Matter of Hogan v. Court of General Sessions (296 N. Y. 1, 6, supra) Judge Thacher interpreted portions of the opinions of the late Chief Judge Lehman in People v. Gersewitz (294 N. Y. 163) and in Matter of Morhous v. Supreme Court (293 N. Y. 131) in the following statement: “ This language of the late Chief Judge is certainly not to be understood as saying that any judgment procured as a result of a trial during the course of which rulings were made in violation of constitutional right may be vacated and set aside if there was a right to review such rulings on an appeal from the judgment. Similarly, matters not presented during the trial, if presentable upon a motion for a new trial, would not be ground for setting aside the judgment years after its entry.” (See, also, People v. Sadness, supra; People v. Kendricks, supra.)
The writ of error coram nobis in New York State cannot be invoked as a substitute for an appeal or a motion for a new trial. In light of the rulings of our highest court in the cases of Matter of Hogan v. Court of General Sessions (supra); People v. Sadness (supra); and People v. Kendricks (supra); this court must hold that the defendant’s application is without merit and must be denied without a hearing.
*465 Defendant, who, incidentally does not state when he became aware of the alleged defect, is actually seeking to obtain relief here by indirectly attacking the competence of his counsel for failing to raise this defect on appeal. There is no authority for granting relief by way of a writ of error coram nolis because a defendant questions the competence of counsel who have actually conducted a trial and/or appeal which have resulted adversely to a defendant. “ The test, however, is whether the alleged incompetency of his counsel deprived the defendant of his right to adequate legal representation as to make his conviction a mockery of justice.” (People v. De Bernardo, 199 Misc. 563, 569; People v. Speditz, 285 App. Div. 940; United States ex rel. Feeley v. Ragen, 166 F. 2d 976.) “ Mere dissatisfaction with the results obtained through the efforts of his attorney is insufficient to invoke the protection of the Sixth Amendment.” (Kinney v. United States, 177 F. 2d 895, 897.)
Counsel for the defendant has cited a coram nobis decision in People v. Palumlo (3 Misc 2d 229) as authority for vacating this conviction. The facts of the Palumlo case are readily distinguishable from the proceeding at bar. In that case, counsel for the movant defendant was absent from the courtroom on the two occasions on which the jury returned for instructions. Thus, the Palumlo case was decided on the question of failure to be represented by counsel at all stages of the proceedings and therefore presented an entirely different question than the instant proceeding. Furthermore, in that case, the trial'minutes mistakenly indicated that defendant’s trial counsel were present with defendant when the jury returned, so that defendant’s appeal counsel, who appeared in the case only after the trial was concluded, could not be aware of the error from reading the record. In addition, the district attorney there consented to a hearing and does not appear to have raised any legal questions as to the availability of the remedy of a writ of error coram nolis, so that that court was not faced with the question which is before this court.
Accordingly, the motion is denied in all respects.
The district attorney is directed to enter an order in accordance with this decision.