Bubke, J.
The defendant’s petition for a writ of error coram nobis alleges that, at the trial, the jury, after retiring to delib *205 erate, returned to the courtroom and, by direction of the court, had certain testimony read to them at a time when the defendant was absent. This, defendant contends, is in violation of the rights accorded defendant by section 427 of the Code of Criminal Procedure and by the State and Federal Constitutions. Hence defendant concludes the judgment of conviction is void even though the judgment was affirmed on appeal to the Appellate Division (260 App. Div. 861) and this court (287 N. Y. 824). The minutes of the trial do not show the presence of the defendant or his counsel at the time the testimony was read to the jury.
Defendant does not raise an issue of fact outside the record as the defendant alleges that defendant and counsel were not present in the courtroom, a fact confirmed by the record. Therefore, there is no conflict between defendant’s allegation and the record.
Although the procedure reflected by the record is in violation of section 427 of the Code of Criminal Procedure, the grounds urged on this motion are not within the ambit of the reasons for the rule authorizing the writ of error coram nobis as an extraordinary remedy to correct errors, frauds and constitutional violations on the record or outside of the record. Heretofore we have limited the use of the writ of error coram nobis to errors of fact not apparent on the face of the record (Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 6; People v. Sadness, 300 N. Y. 69, 74; People v. Kendrick, 300 N. Y. 544) except denials of right to counsel appearing on the face of the record where no appeal was taken (see People v. Richetti, 302 N. Y. 290; Matter of Bojinoff v. People, 299 N. Y. 145). But, in People v. Silverman (3 N Y 2d 200, decided today), we held that that particular judicial interference with the right to counsel guaranteed to defendant by law warranted, under those exceptional circumstances, the invocation of the writ of error coram nobis in a case where appeals have been taken. However, it is always important to remember that this court decides cases and that facts and circumstances differ in each case. In the Silverman case, the alleged lack of representation of counsel stemmed from the peremptory assignment of counsel over the defendant’s objections and the denial of the application for an adjournment to enable the counsel of defendant’s own choosing to prepare for trial. Inherent in the *206 nature of the relationships of assigned counsel to the court, to the defendant and to the case, was a possible inhibition upon the freedom of action of assigned counsel sufficient, if proved, to amount to a denial of the right of a defendant to an unfettered selection of counsel and opportunity to prepare for trial. Here, however, the defendant’s attorneys, alerted by the errors apparent on the face of the record, were entirely free to move for a new trial or assign the failure to observe the requirements of section 427 of the Code of Criminal Procedure as an error on the appeal. Such a procedural error may not now be asserted as a basis for coram nobis. The writ of error coram nobis may not be used as a vehicle for an additional appeal or a belated motion for a new trial which, although available to the defendant after verdict (Code Crim. Pro., § 465), was not made.
The order of the Appellate Division should be affirmed.