Henry P. ARSENAULT, Jr., Petitioner,
Appellant,

v.

John A. GAVIN, Warden or Principal Officer, Massachusetts Correctional Institution, Respondent, Appellee.

No. 5308.

United States Court of Appeals
First Circuit.

Oct. 30, 1957.

John F. Kelley, Cambridge, for appellant.

Arnold H. Salisbury, Asst. Atty. Gen., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

From the standpoint of federal habeas corpus, this has been from the start a desperate and hopeless case. The only purpose that could be served would be a short delay in the execution of a criminal sentence imposed by state law—a delay while the petition for habeas corpus was pending for hearing and disposition in the federal courts. This purpose has been to some extent accomplished. The district court, upon receipt of the petition, issued a notice to show cause, and pending hearing thereon issued a stay of execution as authorized in 28 U.S.C. § 2251. After such hearing, the district court came to the inevitable conclusion that the application would have to be denied, and so it entered an order on October 17, 1957, that the petition be dismissed and the writ denied. Nevertheless, the district court signed a certificate of probable cause, so as to make possible an appeal to this court under 28 U.S.C. § 2253. In this connection we repeat what we said in Ex parte Farrell, 1 Cir., 1951, 189 F.2d 540, 543, certiorari denied Farrell v. O'Brien, 1951, 342 U.S. 839, 72 S.Ct. 64, 96 L.Ed. 634, as follows:

"In 28 U.S.C. § 2253 it is provided: 'An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding where the detention complained of arises out of process issued by a State court, unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause.' This provision of law goes back to the Act of March 10, 1908, 35 Stat. 40. Con-

gress was concerned to eliminate the abuse of the writ of habeas corpus in the federal courts by the undue interference with state processes incident to protracted appellate proceedings in frivolous cases. See H. R.Rep. No. 23, 60th Cong., 1st Sess. (1908). Thus, for example, sometimes the constitutional point sought to be raised in a petition for habeas corpus is unsubstantial, or clearly without merit in view of controlling decisions of the Supreme Court. Or sometimes the federal district court may issue the writ, and after a full hearing may discharge the same pursuant to findings of fact which an appellate court obviously could not set aside as 'clearly erroneous' under Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. In such and like cases, in order not to frustrate the important public policy implicit in the above-mentioned provision of 28 U.S.C. § 2253, a district judge should not hesitate to deny an application for a certificate of probable cause for appeal. If he should deny such a certificate, in the conviction that an appeal would surely be futile (except for the achievement of delay), he may be reassured by the fact that the possibility of an appeal is not thereby absolutely cut off, because a certificate of probable cause may still be given, upon timely application, by the circuit justice or a circuit judge who may be persuaded that the appeal ought to be heard."

After entering its order denying the writ, the district court entered a further order on October 21, 1957, staying the execution of petitioner's state sentence for a period of ten days, "within which time the petitioner is to make application to the Court of Appeals for a stay of execution pending his appeal from the decision of this Court which dismissed his petition." This ten-day stay will not expire until Thursday, October 31. Rather than issue a further stay, interfering with the execution of state proc-esses, we entered an order expediting the appeal, and setting the case down for oral argument on the original papers, at a special session of this court to be held Monday, October 28. Such special hearing was held as scheduled.

Arsenault, along with two associates Devlin and LeBlanc, was convicted in the Superior Court for Middlesex County, Massachusetts, of murder in the first degree of one Merrill R. Lovinger in the course of a bungled effort to accomplish an armed robbery. These judgments of conviction were affirmed by the Supreme Judicial Court in Commonwealth v. Devlin, Mass., 141 N.E.2d 269.

■ We say the present case was desperate and hopeless from the start, because the two federal claims pressed on appeal (a third one mentioned in the petition before the district court has now been abandoned) to the effect that the Commonwealth of Massachusetts has deprived petitioner of some federal constitutional right, have never been presented to any state court for consideration, as involving asserted rights under the Federal Constitution. Since the state judges are equally bound to respect federal constitutional rights, the Supreme Court has pointed out how unseemly it would be "in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation". Darr v. Burford, 1950, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761. What started as a doctrine of judicial self-restraint has now received the sanction of statute law, in 28 U.S.C. § 2254 reading as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

One alleged claim of federal right goes to the validity of the judgment of conviction in the State Superior Court. It has to do with the way in which the defense of insanity was dealt with at the trial by the trial judge. At the oral argument, members of the court made an earnest effort to smoke out counsel for appellant as to the exact basis of the claim of federal right in connection with the insanity defense. We were uncertain, and we still remain somewhat uncertain, as to whether the contention is that the trial justice denied procedural due process by arbitrarily removing the issue of insanity from jury consideration though there was evidence from which a jury would be warranted in finding that Arsenault was insane in a legal sense in accordance with the historic legal definition of insanity as applied in Massachusetts since the landmark decision in the M'Naughten case, 1 Car. & Kirw. 130 (1843), see Commonwealth v. Rogers, 1844, 48 Mass. 500; or whether the asserted claim is, as was stated in the petition for the writ, that the Superior Court violated the due process clause of the Fourteenth Amendment by its failure to apply "the better test" of legal responsibility as exemplified in the recent case of Durham v. United States, 1954, 94 U.S.App.D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430.

Whatever the claim is, or was, this is all that was said on the subject in the decision of the Supreme Judicial Court in Commonwealth v. Devlin, 141 N.E.2d 269, 279:

"Arsenault's assignment 33 is to 'that portion of the judge's charge beginning with the words "There is no claim in this case that Arsenault was insane in a legal sense * *" and ending with the words "But the fact of insanity is not in the case." '

There was no error. There was no evidence from which insanity could be found and medical experts called by the defendant testified that he was not insane."

The opinion of the Supreme Judicial Court thus failed to disclose its awareness that it was asked to rule upon any claim of federal constitutional law. Just how the issue of insanity was presented to it does not clearly appear. But in this situation Arsenault faces an inescapable dilemma: (1) If he presented the insanity issue as one raising a claim of federal constitutional right, upon which the state courts have ruled against him *sub silentio*, then it is clear under the authorities that he would have had to go further and apply to the Supreme Court of the United States for a writ of certiorari to review the adverse judgment of the Supreme Judicial Court. See Darr v. Burford, supra, 1950, 339 U.S. 200, 70 S.Ct. 587; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. This, admittedly, Arsenault did not do. The procedure by way of a writ of certiorari was available to him, and it was no excuse that he chose to pursue an alternative remedy of applying for executive clemency and thus allowed the time to lapse within which he could apply for certiorari; (2) if Arsenault did not present to the state courts an issue of insanity as involving a claim of federal right, then the state courts are hardly to be blamed for not ruling upon a point of federal constitutional law. Under that hypothesis, even if certiorari had been applied for, it would inevitably have been denied; and it has long been settled that "the federal courts will not consider on habeas corpus claims which have not been raised in the state tribunal". Darr v. Burford, supra, 1950, 339 U.S. at page 203, 70 S.Ct. at page 589. Under 28 U.S.C. § 2254, it would be necessary for Arsenault to present this federal claim to the state courts under an available writ of error proceeding, before undertaking to raise it in a federal habeas corpus petition. See McGarty v. O'Brien, 1 Cir., 1950, 180 F.2d 987, certiorari de-

nied 1950, 339 U.S. 966, 70 S.Ct. 1002, 94 L.Ed. 1375; O'Brien v. Lindsey, 1 Cir., 1953, 204 F.2d 359.

■ The second claim of denial of federal constitutional right which we are called upon to consider has to do with events which transpired after the judgment of conviction in the Superior Court and which therefore do not call into question the validity of that judgment. Arsenault and his associates Devlin and LeBlanc filed before the Governor and Council applications for commutation of their sentences to life imprisonment. Arsenault's petition for a federal writ of habeas corpus does not charge that the Governor's Council denied him procedural due process in hearing and passing on this application for clemency. Rather, the burden of his complaint seems to be that the Commonwealth, through the agency of the Governor's Council, has deprived Arsenault of the equal protection of the laws contrary to the Fourteenth Amendment in that the Council voted to commute to life imprisonment the death sentences theretofore imposed upon Devlin and LeBlanc, but voted to deny the similar application by Arsenault. Of course the members of the Council might have deemed the facts in the cases to be different, including the fact that Arsenault was the one who fired the fatal shot, and thus to warrant a difference in treatment. As we pointed out in Everlasting Development Corp. v. Descartes, 1 Cir., 1951, 192 F.2d 1, 7 certiorari denied 1952, 342 U.S. 954, 72 S.Ct. 626, 96 L.Ed. 709, in order to make out a case of denial of equal protection of the laws it must be shown that the administrative agency has made "a purposeful discrimination against one person and in favor of another person in like case, with no rational basis for a differentiation between the two."

But this claim of denial of equal protection of the laws, flimsy as it may be considered, has never been presented for decision to any Massachusetts state court. It may be that the writ of error proceeding is not available to test this constitutional point, since the point does not go to the validity of the original judgment of conviction. But we have no doubt that there is some proper procedure in Massachusetts, whether by way of a writ of habeas corpus, or otherwise, whereby a Massachusetts state court would be authorized to consider and dispose of the point. We are justified in assuming that this is so unless and until the Supreme Judicial Court tells us that it is not so; up till now appellant has made no effort to obtain such an adjudication by the state courts.

A judgment will be entered affirming the order of the District Court. Furthermore, we shall instruct our Clerk that the mandate of this Court is to be sent down immediately.