UNITED STATES of America ex rel.
Gustave SHAPIRO, Relator-
Appellant,

v.

J. Vernal JACKSON, Warden of Clinton
Prison, Dannemora, N. Y., Respond-
ent-Appellee.

No. 190, Docket 25249.

United States Court of Appeals
Second Circuit.

Argued Jan. 5, 1959.

Decided Feb. 4, 1959.

Nathan Kestnbaum, New York City, for relator-appellant.

Allan N. Smiley, Asst. Atty. Gen. of the State of New York, New York City (Louis J. Lefkowitz, Atty. Gen., New York City, Paxton Blair, Sol. Gen., Albany, N. Y., and Samuel A. Hirshowitz, Asst. Sol. Gen. of the State of New York, New York City, on the brief), for respondent-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District Judge.

PER CURIAM.

Relator, presently serving a sentence of ten to thirty years for a 1940 conviction of robbery in New York, questions the fairness of his trial. He was represented by counsel throughout the trial and on appeal when his conviction was affirmed. People v. Shapiro, 260 App.Div. 861, 23 N.Y.S.2d 554, affirmed 287 N.Y. 824, 41 N.E.2d 98. Not until 1955 did he make the present contention that he was not present during a part of the trial. This contention when made in a *coram nobis* proceeding was dismissed as an error apparent on the face of the record—since the trial minutes do not show relator's presence at the time questioned—and hence available only on a timely motion for a new trial, People v. Shapiro, 2 Misc.2d 462, 153 N.Y.S.2d 438, affirmed 3 A.D.2d 740, 161 N.Y.S.2d 564, affirmed 3 N.Y.2d 203, 165 N.Y.S.2d 14, 144 N.E. 2d 12, although a companion case seems to the contrary. People v. Blank, N.Y. L.J., Jan. 25, 1957, affirmed 4 A.D. 2d 755, 165 N.Y.S.2d 700, certiorari denied Blank v. New York, 355 U.S. 963, 78 S.Ct. 551, 2 L.Ed.2d 537. Respondent here contends that relator has failed to exhaust his available state remedies. In view of this confusion as to the New

York remedies and since we are quite clear as to the merits, we place our decision on *broader grounds.*

■■ It is relator's claim, albeit thus belated, that, after the jury had retired at the close of his trial, they returned to the courtroom while he was not present and at their request the testimony of three witnesses was read to them. We are unable to discover any injustice or prejudice in this claimed defect; the reading of the testimony on the jury's request was quite proper, and relator was present and represented by counsel throughout the testimony at the trial. Even in the federal courts limited exceptions to an accused's absolute right to be present throughout his trial are permitted. See United States v. Switzer, 2 Cir., 252 F.2d 139, 143–144; Parker v. United States, 4 Cir., 184 F.2d 488. In the absence of even a suggestion of prejudice to relator, we find no violation of his right to due process under the Fourteenth Amendment of the United States Constitution.

Affirmed.