UNITED STATES of America ex rel. Karl
E. MORRISON, Petitioner,

v.

David N. MYERS, Warden/Supt. et al.,
State Penitentiary, Graterford, Pa.,
Co-respondent.

Misc. No. 2079.

United States District Court
E. D. Pennsylvania.

July 9, 1959.

Karl E. Morrison, pro se.

CLARY, District Judge.

This case is before the Court on petition for writ of habeas corpus filed by relator Karl E. Morrison on June 4, 1959. In his petition relator alleges that he was illegally and unlawfully held a prisoner in the State Penitentiary at Graterford, Pennsylvania; that he was held by virtue of transfer from the Western State Penitentiary at Pittsburgh, Pennsylvania, where he was held by virtue of an illegal and unlawful commitment issued by the Court of Quarter Sessions of Erie County, Pennsylvania, at Nos. 96, 97, 98 and 99, September Term 1954, Com. of Pennsylvania v. Morrison, 39 Erie County Law Journal 31, said commitment being issued pursuant to an illegal and unlawful judgment of conviction after trial by jury, with verdict of guilty, in the Court of Quarter Sessions of Erie County, Pennsylvania; that said illegal and unlawful commitment, sentence, judgment of conviction, imprisonment, and transfer is a deprivation and denial of due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

Petitioner was tried, convicted and sentenced to prison by the state courts in September 1954 on a charge of sodomy. This conviction was affirmed upon appeal. Commonwealth v. Morrison, 1955, 180 Pa.Super. 121, 118 A.2d 258, certiorari denied 1956, 352 U.S. 823, 77 S.Ct. 31, 1 L.Ed.2d 47. He was subsequently convicted for hindering a witness in connection with the trial on the charge of sodomy. This also was affirmed upon appeal. Commonwealth v. Morrison, 1955, 180 Pa.Super. 133, 118 A.2d 263, certiorari denied 1956, 352 U.S. 823, 77 S.Ct. 31, 1 L.Ed.2d 47. However, it is obvious from the present petition for a writ of habeas corpus that the allegations thereof relate to the former conviction. Among other things, petitioner alleges that his mail has been obstructed in violation of Federal law, and that he has been mistreated while in prison. It would appear that habeas corpus is not

the proper proceeding to investigate these complaints since they do not directly affect the legality of the detention.[1]

Petitioner's remaining allegations are more appropriate. He contends, in essence, that he was denied a fair trial by virtue of the knowing use of perjured testimony, bribery and coercion of witnesses, and inflammatory newspaper accounts that appeared during the trial. The petition also contains an intimation that a judge conspired with the prosecution to secure a conviction.

In addition to the court proceedings mentioned above, petitioner filed a writ of coram nobis with the trial court soon after trial. This was denied and no appeal taken. Petitioner also alleges that he filed another writ of coram nobis in June, 1957, but no details as to the nature or outcome of this proceeding are given.

The writ must be denied. It is fundamental that before seeking relief by way of habeas corpus in a Federal court, a state prisoner must first exhaust the remedies available to him in the state courts. 28 U.S.C.A. § 2254 (1950).

The opinion of the State Superior Court indicates that of the allegations contained in the present petition only that relating to the newspaper articles was raised on appeal. Even here, it is not clear that the petitioner invoked the protection of the *Federal* Constitution with regard to the newspaper articles. It is essential that a state court be made aware of the fact that a defendant is relying upon the Federal Constitution rather than upon some other rule of law.

Furthermore, the petition fails to reveal either the matters brought in issue by the alleged writ of coram nobis filed in June 1957, or the eventual disposition of the writ. In habeas corpus the burden is upon the petitioner to affirmatively demonstrate in his petition that the questions posed therein have been presented to the state courts for deci-

---

1. In any event, the discussion restricted to the other points raised in the petition would be equally applicable to these.

sion, and that available state remedies have been exhausted. See, e. g., Thompson v. Overlade, 7 Cir., 1954, 216 F.2d 492.

In view of the failure of petitioner to carry this burden, the writ will be denied.