Foster, J.
 

 Eelator appeals, as of right, on constitutional grounds, from an order of the Appellate Division, Fourth Department, which unanimously affirmed an order of the Supreme Court, Cayuga County, dismissing a writ of habeas corpus. In a verified petition relator had alleged that he and his counsel were not present during part of his trial for the crime of murder, first degree.
 

 Eelator was convicted of murder, first degree, in the Court of General Sessions, New York County, in June, 1953, and pursuant to a mercy recommendation was sentenced to life imprisonment. The judgment of conviction was unanimously affirmed by the Appellate Division, First Department (285 App. Div. 1135).
 

 This habeas corpus proceeding was commenced by relator’s verified petition dated September 18,1959. The petition alleged, in pertinent part, that relator was 1 ‘ convicted and sentenced illegally, and in direct violation of State and Federal Constitutions ”, in that relator and his attorneys were absent from the courtroom when the jury, prior to rendering its verdict, returned for further instructions.
 

 ■ A writ issued and a hearing was had before Special Term, Supreme Court, Cayuga County, at which relator appeared
 
 pro
 
 se.' Eelator introduced into evidence the record on appeal from the judgment, and the stenographic minutes of the trial.
 

 The trial minutes revealed that the jury at the murder trial retired for deliberation at 1:10 p.m., May 11, 1953. At 4:45 p.m. the jury, unable to agree upon a verdict, returned to the courtroom for further instructions. A lengthy discussion ensued between court and jury, and the jury again retired for deliberation at' approximately 4:55 p.m. The trial minutes failed specifically'to5, indicate on their face that either relator'or his attorney were physically present when the jury returned for further instruction's; or that they had been notified of the jury’s return.
 

 
 *553
 
 Respondent offered no evidence at the hearing, other than the judgment of conviction which had been annexed to the return. The return did not controvert any of the factual allegations of the petition. The courts below held that the minutes, irregularly kept, were not sufficient to' rebut the presumption of regularity.
 

 A defendant in a felony case has an absolute constitutional and statutory right to be present at all stages of the trial and to the aid of counsel (N. Y. Const., art; I, § 6; Code Grim. Pro., §§ 356, 427). Section 427 of the code specifically provides for notice to counsel and mandates the presence of the defendant in the courtroom in the event the jury returns for further instructions. Indeed, presence of a defendant in a felony prosecution is a condition of - due process under the Federal Constitution “ whenever his presence has a relation, reasonably substantial, to the fulness óf his opportunity to defend against the charge ”
 
 (Snyder
 
 v.
 
 Massachusetts,
 
 291 U. S. 97, 105-106). Under that test, presence of a defendant is required when further instructions are being given to the jury
 
 (Maurer
 
 v.
 
 People,
 
 43 N. Y. 1, 5;
 
 People
 
 v.
 
 Palumbo,
 
 3 Misc 2d 229).
 

 Thus,'relator’s contentions raised substantial issues, and he was entitled to a trial thereon
 
 (People
 
 v.
 
 Richetti,
 
 302 N. Y. 290, 295-296;
 
 People
 
 v.
 
 Langan,
 
 303 N. Y. 474). At the “ hearing ”, relator appeared without counsel, and no sworn oral testimony was taken. From aught that appears relator was not. aware that his testimony was appropriate or necessary to support the sworn allegations in his petition. Respondent, in his return, failed to controvert the factual allegations advanced in the petition and offered no evidence to rebut those allegations.
 

 Under the circumstances of- this case, the proceeding" below did not amount to a full-scale hearing within' the meaning of the
 
 Richetti
 
 case
 
 {supra).
 
 We think, therefore, that the order should be reversed and the proceeding remitted to Special Term, for a further hearing on the issues raised. At that hearing' sworn testimony by the relator, and by available witnesses, would be appropriate
 
 (People
 
 v.
 
 Richetti, supra; People
 
 v.
 
 Langan, supra).
 
 If such testimony is mot forthcoming, or if relator, knowing of the importance of sworn testimony in' his behalf,.fails to testify or to .-produce witnesses, in support of his petition, then, of course, a factual determination against him would not be dis
 
 *554
 
 turbed here. “ The presumption of regularity of official proceedings would require the denial of the writ in the absence of any evidence concerning what did occur” at the trial
 
 (People ex rel. Williams
 
 v.
 
 Murphy,
 
 6 N Y 2d 234, 236). The burden of proof remains on the relator. But, he should be given a further opportunity to establish his contentions through sworn testimony, if he is so advised.
 

 No real opposition is offered by respondent to the procedural availability of habeas corpus. We have held that the presence of a defendant in a murder case when the jury returns for further instructions is essential to the court’s
 
 jurisdiction-
 
 to proceed with the trial
 
 (Maurer
 
 v.
 
 People,
 
 43 N. Y. 1, 5,
 
 supra).
 
 Where the issue raised is one of jurisdiction, the fact that the error appears on the face of the record or may be inferred therefrom does not affect the right to invoke habeas corpus
 
 (People
 
 v.
 
 Schildhaus,
 
 8 N Y 2d 33, 36). Indeed, relator already has been denied relief by way of
 
 coram nobis
 
 on the authority of
 
 People
 
 v.
 
 Shapiro
 
 (3 N Y 2d 203) and hence habeas corpus would seem appropriate here.
 

 The order should be reversed and the proceeding remitted to the Supreme Court, Cayuga County, for.further hearings and proceedings not inconsistent with this opinion;
 

 Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
 

 Order reversed and matter remitted to Special Term for further proceedings not inconsistent with the opinion herein.