**UNITED STATES of America, ex rel. Herbert BATTLE, Relator,**

v.

**Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
July 26, 1963.

Herbert Battle, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City (Stephen N. Rubin, Deputy Asst. Atty. Gen., of counsel), for respondent.

MacMAHON, District Judge.

This is a petition for a writ of habeas corpus. Petitioner is presently incarcerated in Green Haven Prison, Stormville, New York, following conviction in the Court of General Sessions, New York County, upon his confession and plea of guilty of the crime of attempted felonious possession of a narcotic. He was sentenced on October 28, 1959 to a term of three and one-half to seven years as a second felony offender.

The prior felony conviction, here under attack, occurred on March 10, 1942 in the Court of General Sessions. The indictment against petitioner there charged one count of assault, first degree, two counts of assault, second degree, and one count of possessing a dangerous weapon. He pleaded guilty to one count of attempted assault, second degree, covering all counts of the indictment, and was sentenced to Elmira Reformatory pursuant to Correction Law, Article 3–A, McKinney's Consol.Laws, c. 43.

Petitioner now attacks the constitutionality of the 1942 conviction on the following grounds: (1) that upon arraignment he was not advised of his right to counsel of his own choosing and therefore could not move to quash the indictment; (2) that since (a) he was charged in the first count with assault, first degree, the court was without jurisdiction to accept a plea of guilty to attempted assault, second degree, and that since (b) all counts of assault arose out of the same transaction, he was subjected to double jeopardy; and (3) the prosecution "coerced" the indictment.

There are no issues of fact requiring a hearing. The court has examined the entire file of the state proceedings resulting in the 1942 conviction, including the indictment, docket, and minutes of the original and adjourned arraignments.

We are confronted at the threshold with the problem of whether petitioner has exhausted his available state court remedies. In this connection, he concedes that his appeal to the New York Appellate Division, First Department, from a denial of a writ of error coram nobis is pending, and the record shows that to be the fact.

The state coram nobis application, which the court has examined, raises, as

does the instant application, the denial of counsel upon arraignment and the claim of a "coerced" indictment. The appeal from the denial of the writ of error coram nobis has not been perfected and, of course, is yet even to be presented to the New York Court of Appeals. It is clear, therefore, that petitioner has a presently available remedy under the law of the State of New York as to these two allegations and, as a result, has not complied with the exhaustion requirements of 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Moreover, if, as petitioner contends, the New York trial court was without jurisdiction to accept a plea of attempted assault, second degree, he may still present this claim to the New York courts by writ of habeas corpus. People ex. rel. Bartlam v. Murphy, 9 N.Y.2d 550, 554, 215 N.Y.S.2d 753, 175 N.E.2d 336 (1961); Matter of Morhous v. N. Y. Supreme Court, 293 N.Y. 131, 138 et seq., 56 N.E.2d 79 (1944).

■ Procedural deficiencies aside, however, there is no merit to the application for it discloses no violation of a federally protected right. At the outset, the minutes of petitioner's arraignment on February 7, 1942 show that Edward Tighe, Esq. of the Legal Aid Society was assigned to represent the petitioner and that Clyde Dart, Esq., also of Legal Aid, appeared in his behalf and requested an adjournment until February 24th. The minutes of February 24, 1942 show that on the adjourned date of the arraignment, petitioner appeared and was represented by Dominick Della Volpe, Esq., also of Legal Aid, who conferred with petitioner and the court prior to petitioner's pleading guilty to a lesser offense, to wit, an attempt to commit the crime of assault, second degree.

At no time do the minutes show, nor indeed does petitioner now claim, that he raised any objection to the assignment of counsel. But, even assuming that the minutes of February 7, 1942 are inaccurate and that in fact petitioner did not have counsel, he admits that Della Volpe appeared in his behalf on `` e adjourned date. Under New York law, Della Volpe could have interposed any defenses on the adjourned date which were available on the date of the initial arraignment. Thus, whatever counsel could have done on petitioner's behalf on the original arraignment, he was free to do thereafter. People v. Combs (and cases there cited), (Appellate Division, Second Department), 241 N.Y.S.2d 104. See also United States ex rel. Spinney v. Fay, 62 Civ. 4043 (S.D.N.Y., February 28, 1963). Thus, contrary to the situation in Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), under New York law a defendant's rights are not irretrievably lost if not asserted at the time of arraignment.

■■ Petitioner's claim that the indictment was "coerced" is wholly conclusory and must be denied quite apart from the fact that petitioner has failed to exhaust his state remedies on that issue.

■ Finally, the assertion of double jeopardy is also without substance for the prohibitions of the Fifth Amendment against double jeopardy do not apply to the states. Brock v. North Carolina, 344 U.S. 424, 426, 73 S.Ct. 349, 97 L.Ed. 456 (1952); Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937); Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97 (1908). Furthermore, the facts do not remotely raise a question of double jeopardy. Petitioner simply took a plea to a lesser degree of the crimes charged; a practice raising no federal question and one long sanctioned in New York. Code of Criminal Procedure, § 342–a.

Accordingly, there is nothing in the instant petition, or in the file of the state court proceedings, to show any violation of petitioner's constitutional rights. The application is entirely without merit. The petition for a writ of habeas corpus is therefore denied and a certificate of probable cause will not be issued by this court.

So ordered.