Bergan, J.
In pursuance of the 1961 decision of this court (10 N Y 2d 361) remitting the defendant’s coram nobis application to the County Court, a trial of the issues raised in the *372 proceeding has been held. The County Court has dismissed the petition on the merits and the Appellate Division has affirmed.
Although the defendant was only 13 years old in 1943 when he was indicted for murder in the first degree, the indictment was valid as the law then stood and at the end of the People’s case the proof was such that the court would have been required to send the case to the jury on the murder first degree charge. On that proof the Judge could not have dismissed or reduced the charge.
At this point defendant’s counsel asked the court to accept a plea of guilty to murder in the second degree. Although there was before the Judge in the conference with counsel at which the request to accept the plea was discussed an expression of medical opinion by one psychiatrist that defendant was psychotic at the time of the commission of the charged crime, three other psychiatrists, including one retained on defendant’s behalf, expressed to the Judge the view that he was sane. The Judge accepted the plea of guilty to murder second degree, and it was neither an. error of law nor deprivation of due process for him to accept the plea.
The jury could have found the defendant guilty of murder in the first degree. It might have acquitted him on the ground of insanity had it accepted the opinion of the psychiatrist who thought he was insane. But the Judge should not have compelled defendant to have taken the risk of conviction for murder in the first degree against the advice and suggestion of his own counsel that a plea to a lesser degree be accepted. With the record now fully developed of what occurred at the conference in 1943, the Judge’s decision to accept the plea was within a fair range of responsible judicial action. The fact that the District Attorney had in his possession an electroencephalogram of defendant did not amount to a suppression of evidence. It was less favorable to defendant than a later one in the possession of defendant’s own lawyer.
The order should be affirmed.