UNITED STATES of America ex rel. James KNIGHT, Petitioner,

v.

Hon. Edward M. FAY, as Warden, Green Haven Prison, Stormville, New York, Respondent.

United States District Court
S. D. New York.
July 22, 1964.

James Knight, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent, Joel Lewittes, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

The petitioner, now confined to Green Haven State Prison, Stormville, New York, under a sentence of ten to twenty years imposed pursuant to a judgment of conviction of manslaughter entered upon a jury verdict, seeks his release on a writ of habeas corpus. He assails the judgment of conviction as void for violation of his federally protected right to due process under the Fourteenth Amendment. The nub of his claim is that upon his trial he was foreclosed by

Court rulings from presenting evidence vital to his plea of insanity and thereby deprived of his defense and a fundamentally fair trial.

The judgment of conviction was affirmed by the Appellate Division (two justices dissenting)[1] and by the New York State Court of Appeals.[2] His petition for writ of certiorari was denied by the Supreme Court.[3] Thus, on the surface, the petitioner seemingly has exhausted available State remedies, but a review of the entire record here presented raises a substantial doubt that the claim of deprivation of his Federal constitutional right to due process was ever presented to and passed upon by the New York State Courts.

In support of a Federal writ of habeas corpus to secure his release, petitioner relies principally upon the dissenting opinion in the Appellate Division. A fair reading of that opinion indicates it concerned itself only with the contention that the Trial Judge committed reversible errors in various rulings relative to questions put to defendant's psychiatrist which would have permitted an explanation to the jury of the basis for his opinion that the defendant was legally insane at the time the homicide was committed. True, it was claimed that the exclusion of such evidence was highly prejudicial to the defense of insanity, but the appeal was presented within the context of legal error; no contention was there made of any violation of petitioner's federally protected right to due process of law based upon the claim here presented— that the impact of the Trial Court's rulings foreclosed adequate presentation of his defense to the criminal charge. The dissenting opinion, upon which petitioner so heavily relies to support his habeas corpus petition here, as well as the majority opinion, make it abundantly clear that the only matters presented and passed upon by the Appellate Division were the claimed errors in the rulings on evidential matters.

The Court of Appeals rendered no opinion in its affirmance. However, petitioner's appeal to that Court also was presented within the framework of errors of law. In his brief to the Court of Appeals, the basic grounds pressed for reversal of the conviction were the exclusion and admission of evidence and an alleged erroneous jury instruction relating to the scope of certain evidence. As a final catchall point, it was urged that however each claimed error, harmless or otherwise, might be viewed in isolation, in combination they were so prejudicial as to deprive the defendant of a fair trial and to require a reversal—but again, as in the Appellate Division, the essential thrust of his appeal was cast within the framework of legal errors centering about matters of evidence. The constitutional context of petitioner's claim as here presented was never delineated before the State Courts.[4] It is required that they be made aware that a judgment is being attacked on Federal constitutional grounds.[5]

The appeal in both appellate State Courts encompassed no claim of violation of his federally protected right to due process of law under the Fourteenth Amendment predicated upon a claimed foreclosure of his defense of insanity. The absence of any such contention is underscored by the Court of Appeals' denial of petitioner's motion to amend the remittitur, where he expressly sought a statement that he had urged constitutional infirmities and that the Court had passed upon and determined "there was no violation of the Fourteenth Amend-

1. People v. Knight, 18 A.D.2d 890, 237 N.Y.S.2d 846 (1st Dep't 1963).

2. 13 N.Y.2d 948, 244 N.Y.S.2d 318, 194 N.E.2d 133 (1963).

3. Knight v. New York, 376 U.S. 925, 84 S.Ct. 687, 11 L.Ed.2d 621 (1964).

4. See United States ex rel. Berkery v. Rundle, 226 F.Supp. 579, 583 (E.D.Pa. 1964).

5. See Arsenault v. Gavin, 248 F.2d 777, 779 (1st Cir. 1957); United States ex rel. Morrison v. Myers, 174 F.Supp. 818, 819 (E.D.Pa. 1959).

ment to the United States Constitution." [6]

The proper presentation to a State in the first instance of a claim that the State deprived a defendant of his Federal constitutional rights is a matter of substance and not a mere technicality. It involves a proper respect for the State judicial process and is at the hard core of the exhaustion of state remedies requirement.[7] State Courts, no less than Federal Courts, are duty bound to enforce and protect the rights of defendants under the Constitution of the United States,[8] and due regard for the doctrine of exhaustion of State remedies under 28 U.S.C. § 2254, requires that the constitutional claims be presented to the State Courts before intervention by the Federal Courts may be sought.[9] The State in the first instance is entitled to the opportunity to vacate a conviction resting upon alleged constitutional violations.[10]

Since the constitutional claim here urged to void the conviction has never been submitted to and passed upon by the State Courts, the application for a Federal writ of habeas corpus is denied for failure to exhaust available State remedies.[11]

---

6. The petitioner sought to have the Court of Appeals' remittitur amended to read: "Appellant contended that [the restriction upon the psychiatrist's testimony] denied him a fair trial and was a denial of due process under the Fourteenth Amendment to the United States Constitution. Bush v. Texas, 372 U.S. 586 [83 S.Ct. 922, 9 L.Ed.2d 958]. The Court of Appeals passed upon such issue and held there was no violation of the Fourteenth Amendment to the United States Constitution."

7. Wade v. Mayo, 334 U.S. 672, 679, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948).

8. Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959); Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884); United States ex rel. Sproch v. Ragen, 246 F.2d 264, 267 (7th Cir. 1957).

9. United States ex rel. Sproch v. Ragen, 246 F.2d 264, 267 (7th Cir. 1957); United States ex rel. Berkery v. Rundle, 226

F.Supp. 579, 583 (E.D.Pa. 1964); United States ex rel. Morrison v. Myers, 174 F.Supp. 818, 819 (E.D.Pa. 1959). See United States ex rel. Cuomo v. Fay, 257 F.2d 438, 441 (2d Cir. 1958), cert. denied, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307 (1959).

10. United States ex rel. Marcial v. Fay, 247 F.2d 662, 665 (2d Cir. 1957), cert. denied, 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274 (1958).

11. Arsenault v. Gavin, 248 F.2d 777, 779 (1st Cir. 1957). See People v. Sullivan, 3 N.Y.2d 196, 198, 165 N.Y.S.2d 6, 8–9, 144 N.E.2d 6 (1957); People v. Silverman, 3 N.Y.2d 200, 203, 165 N.Y.S.2d 11, 13, 144 N.E.2d 10 (1957) (Desmond, C. J., concurring); People v. Shapiro, 3 N.Y.2d 203, 206, 165 N.Y.S.2d 14, 16, 144 N.E.2d 12 (1957) (Desmond, C. J., concurring). See also, United States ex rel. Emerick v. Denno, 328 F.2d 309, 310 (2d Cir. 1964).