UNITED STATES of America ex rel.
Anthony SCARNATO, Petitioner-
Appellant,

v.

Edward M. FAY, as Warden of Green
Haven Prison, Stormville, New
York, Respondent-Appellee.

No. 497, Docket 28630.

United States Court of Appeals
Second Circuit.

Argued May 26, 1965.

Decided June 29, 1965.

John W. Galiardo, New York City,
(Anthony F. Marra, New York City, on
the brief), for petitioner-appellant.

Barry Mahoney, Asst. Atty. Gen. of
the State of New York (Louis J. Lefko-
witz, Atty. Gen., Samuel A. Hirshowitz,
First Asst. Atty. Gen., and Brenda Soloff,
Deputy Asst. Atty. Gen., on the brief),
for respondent-appellee.

Before LUMBARD, Chief Judge, and
SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant, confined under a state court
sentence of imprisonment for 20 years
to life on conviction on trial to the jury
in Kings County Court of kidnapping,
first degree rape, first degree sodomy
and three counts of second degree assault,
applied in the United States District
Court for the Northern District of New
York for release on writ of habeas cor-
pus, alleging exclusion of women from
the jury panel, exclusion of the public
from the courtroom, and trial errors.
The third ground has been abandoned.
The Court, James T. Foley, Chief Judge,
while acknowledging that possible basis
for federal relief might exist on the
first ground, denied the application be-
cause state remedies were not exhausted
in view of the failure to appeal to the
New York Court of Appeals, although he
granted a certificate of probable cause.
This court denied Scarnato's application
for permission to appeal *in forma pau-
peris* and for the appointment of counsel.
The United States Supreme Court on pe-
tition granted *per curiam* a writ of certi-
orari and leave to proceed *in forma pau-
peris*, vacated the judgment of this court,
and remanded the case for further con-
sideration in the light of Fay v. Noia,
372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837
(1963). Scarnato v. LaVallee, 375 U.S.
20, 84 S.Ct. 79, 11 L.Ed.2d 41 (1963).
This court thereupon vacated its prior
order, granted Scarnato leave to appeal
*in forma pauperis* and assigned Anthony
F. Marra, Esq., of the New York Legal
Aid Society, to prosecute the appeal.

Although the failure to take a timely direct appeal to the New York Court of Appeals was not necessarily a bar to relief in the federal courts under the doctrine of Fay v. Noia, since such relief was not presently available at the time appellant applied for the instant writ, 372 U.S. at 434–435, 83 S.Ct. at 846–847, the present record includes no finding as to whether appellant "deliberately bypassed the orderly procedure of the state courts," in which event federal relief might be denied as a matter of discretion, 372 U.S. at 438, 83 S.Ct. at 849. However, that issue need not be resolved on this proceeding, as we find that state court relief is probably available on the two federal constitutional grounds advanced by Scarnato, exclusion of women from the jury panel and exclusion of the public from the court. Therefore, we affirm the judgment of the District Court. 28 U.S.C. § 2254. The affirmance is, however, without prejudice to the renewal of the application for the writ after these issues have been fully presented to the state courts, including the question of whether state procedures have been deliberately by-passed, should the state raise this issue.

There has never been a resolution by the state courts of the factual issues which underlie Scarnato's two federal constitutional claims. Whether there was actual exclusion of women from the jury panel, or exclusion of the public from the courtroom and whether there was timely objection or waiver of objection are factual issues disputed by respondent and never properly presented to the state courts or resolved by them. Since it is Scarnato's claim that the state court trial record is incomplete and that proof dehors the record is necessary to resolve the issues, it would appear that *coram nobis* will lie, as the state appears to concede here. See respondent-appellee's brief on appeal, p. 8, citing People v. Shapiro, 3 N.Y.2d 203, 165 N.Y.S.2d 14, 144 N.E.2d 12 (1957), People v. Sullivan, 3 N.Y.2d 196, 165 N.Y.S.2d 6, 144 N.E.2d 6 (1957), People v. Sadness, 300 N.Y. 69, 89 N.E.2d 188 (1949). We

should therefore require appellant to try the issues first in the state courts. "[E]ven if there were some doubt as to the availability of relief in the New York courts, we would still give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available." United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2 Cir. 1964). This should cause little additional delay, since the factual disputes must be resolved on a hearing in one forum or the other.

Judgment of the United States District Court for the Northern District of New York affirmed without prejudice to renewal of the application for the writ in the light of any further proceedings in the state courts.