■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD CAMPBELL, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered April 9, 1959, after a jury trial, convicting him of robbery in the first degree and imposing sentence upon him as a second felony offender. Part of the People's proof consisted of a statement made by the defendant after his arrest and prior to arraignment. The issue of the voluntariness of that statement was submitted by the trial court to the jury for determination together with other issues. This procedure has been held to be in violation of the defendant's constitutional rights; he was entitled to a separate trial by the court alone of the issue as to the voluntariness of his confession (*Jackson* v. *Denno*, 378 U. S. 368; *People* v. *Huntley*, 15 N Y 2d 72). Accordingly, this action is remitted to the trial court for further proceedings in accordance with *People* v. *Huntley* (*supra*). The procedure prescribed in *People* v. *Korda* (24 A D 2d 577) should be followed. In the interim, the pending appeal in this court will be held in abeyance. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE L. HUGHES, JR., Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered December 21, 1962, which denied, without a hearing, his application to vacate a judgment of the former County Court, Queens County, rendered February 29, 1952, on his plea of guilty, convicting him of murder in the second degree and attempted robbery in the first degree, and imposing sentence. The appeal is here on remittitur from the Court of Appeals (15 N Y 2d 172). Order affirmed. In this proceeding defendant challenges the judgment on the ground that he was not represented by counsel at the time he was arraigned on the indictments and entered a plea of not guilty thereto. Thereafter he was assigned counsel, who represented him throughout the rest of the proceedings. There is no factual showing of prejudice. These circumstances do not constitute a deprivation of defendant's constitutional right to counsel (*People* v. *Tyson*, 15 N Y 2d 866; *People* v. *Combs*, 19 A D 2d 639; *People* v. *Buonopane*, 24 A D 2d 764; *United States ex rel. Battle* v. *Fay*, 219 F. Supp. 798). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.