■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH L. PERFETTI, Appellant. — Judgment affirmed. Memorandum: Defendant has been convicted, on evidence more than sufficient to establish his guilt, of criminal sale of a controlled substance, sixth degree. The dissenter would reverse the judgment because of an incident which occurred immediately before the verdict was announced. The jury commenced its deliberations at 11:28 A.M. At 3:00 P.M. it returned to the courtroom to have the testimony of a police officer reread, returning to the jury room to deliberate once again at 3:40 P.M. Shortly thereafter the jury sent to the court a note stating that it would "like to state three opinions on the verdict, if we may." Before the court had an opportunity to respond to that inquiry, however, the jury announced it had reached a verdict. When it was returned to the courtroom at 3:50 P.M., the court stated: "THE COURT: First, the record will indicate that the Court received a note from the jury. 'We would like to state three opinions on the verdict, if we may.' And then since that time, it is my understanding you have reached a verdict. Is that correct? FORELADY: Yes. THE COURT: Let me indicate to you, of course, that in a case of this type, the verdict is guilty or not guilty, and it's not a question of stating an opinion, one way or other. FORELADY: Yes." Defendant and his counsel were present during this exchange but counsel did not inquire about the note, did not except to the court's instructions and did not object to receiving the verdict. Nor did any of the jurors question the court, object to receipt of the verdict, or evidence any disagreement with it. Defense counsel did not request a poll of the jury after its guilty verdict was received and the court excused the jury. Counsel's only motion was to set aside the verdict as against the weight of the evidence. The motion was denied and the matter was adjourned for sentencing. Unfortunately the court mislaid the first note in which the jury asked to state its opinions. The forelady was in the building the next morning, however, and the court had her brought to chambers and she and the court made a record reconstructing the note. An Assistant District Attorney was present but defense counsel was not. He arrived while the forelady was present and the court then granted defense counsel an opportunity to examine the forelady on the contents of the note. The proceedings were irregular but they offer no ground for reversal. The court gave no instruction to the jury in the absence of defendant or his counsel and defendant by his silence waived his right to object to the court's handling of the matter. As far as the proceedings the next morning are concerned it is not alleged that the reconstructed note is inaccurate and defendant merely speculates that it indicated indecision by the jury. The jury's actions establish, however, that whatever doubts it had, if the opinions did in fact reflect doubts about defendant's guilt, were resolved before they returned to the courtroom. The *Ciaccio* case *(People v Ciaccio,* 47 NY2d 431) relied upon by the dissenter is clearly distinguishable. That case involved possible jury coercion and an unauthorized communication with the jury before it rendered its verdict. All concur, except Dillon, P. J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Dillon, P. J. (dissenting). I dissent. In my view there should be a reversal and a new trial. In the course of its deliberations the jury caused to be delivered to the trial court an envelope which contained two notes, one of which stated: "We would like to state three opinions on the verdict, if we may." The content of the other note remains unknown, but as reconstructed on the day following the verdict by the jury foreperson at the request of the court, it contained the following: "lack of police procedure * * * incomplete chemist's notes * * * wrong label on prescription bottle". After the envelope containing the two notes was delivered to the Trial Judge in chambers, but before he had an opportunity to resume the Bench, the jury caused to be delivered to the court a second envelope which contained its verdict. Thereupon court was reconvened and the

colloquy quoted by the majority occurred. After inquiry by the clerk, the jury reported its guilty verdict and was discharged. Prior to the verdict the note listing the three subjects upon which the jury apparently wished to comment was not marked as an exhibit, nor was its content made known to defendant or his counsel. It was not until the following day, after the note from the jury had been lost, that defense counsel was informed by the court that there had been such a note. A defendant has a right to be present at all stages of a criminal proceeding when "his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge" (Snyder v Massachusetts, 291 US 97, 105-106; People ex rel. Bartlam v Murphy, 9 NY2d 550, 553; NY Const, art I, § 6). When a court gives supplemental instructions to the jury in response to questions raised by the jurors, defendant's presence is both statutorily and constitutionally required (People v Ciaccio, 47 NY2d 431, 436-437; CPL 310.30). That right is clearly violated where, as here, defendant and his counsel, though present, were not informed prior to verdict of the content of a communication between the jury and the court. Defendant was deprived of any opportunity to have the court seek clarification of the jury's inquiry, to request further instructions to the jury, or to except to the instruction which was given. The failure of the court to have made defendant and his counsel aware of the content of the communication was fundamental error which requires reversal and a new trial (People v Ciaccio, supra). (Appeal from judgment of Oneida County Court — criminal sale of controlled substance, sixth degree.) Present — Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.