■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL R. DEAN, Appellant.—Order unanimously affirmed.

Memorandum: Defendant was tried on three counts of issuing a bad check (Penal Law § 190.05) and three counts of grand larceny in the second degree (Penal Law § 155.35). The jury returned a verdict of guilty on all counts, but the trial court dismissed the three counts of issuing a bad check as inclusory. Defendant's appeals to this court and to the Court of Appeals were unsuccessful (People v Dean, 56 AD2d 242, affd 45 NY2d 651). He now appeals from an order of Monroe County Court denying his CPL 440.10 motion made on the ground that the trial court erred in its instructions to the jury by unconstitutionally shifting the burden of proof to defendant. The claimed error relates solely to that part of the instructions relating to the charges of issuing a bad check, in which the court informed the jury of the statutory presumptions of knowledge of insufficient funds and of the belief that the check would be dishonored (see, Penal Law § 190.10 [1], [2]). Inasmuch as the trial court dismissed the bad check charges and correctly informed the jury of the burden of proof on the larceny charges, specifically placing the burden of proving intent to steal upon the People, the error, if any, did not deprive defendant of a fair trial.

Moreover, since the issue presented could have been raised on appeal and defendant has not shown that he was denied due process (see, People v Codarre, 10 NY2d 361, 363, on remittal 14 NY2d 370), his motion to set aside the conviction must be denied (see, CPL 440.10 [2] [c]; People v Brown, 13 NY2d 201, 206, mot to amend remittitur granted 13 NY2d 1124, cert denied 376 US 972; People v Shapiro, 3 NY2d 203, 206). (Appeal from order of Monroe County Court, Egan, J.— CPL 440.10 motion to vacate.) Present—Callahan, J. P., Denman, Boomer, Pine and Balio, JJ.