JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In 1985, defendant-appellant Stanley Lewis was convicted of burglary and rape. He had broken into a nineteen-year-old woman's apartment, hit her with a metal pipe, and vaginally raped her. Almost 20 years later, he was brought back to court for a sexual-predator-classification hearing. At that hearing, the state presented the following evidence: circumstances surrounding the original crimes; Lewis's criminal record, which included prior convictions for burglary and robbery; and an institutional report that indicated that Lewis had received a citation for assaulting an inmate. Although Lewis claimed he had completed a "program" in prison, the nature of that program was not demonstrated. (It was not specified whether this was a sexual-offender treatment program.) Following the hearing, the trial court classified Lewis as a sexual predator. Lewis timely appeals that judgment, bringing forth two assignments of error. Finding neither assignment to have merit, we affirm the judgment of the trial court.
In his first assignment of error, Lewis argues that the trial court erred by classifying him as a sexual predator under R.C. Chapter 2950. Lewis argues that R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. We overrule this assignment of error on the authority ofState v. Cook,[1] where the Ohio Supreme Court upheld R.C. Chapter 2950 in the face of similar constitutional challenges.[2] The first assignment of error is overruled.
In his second assignment of error, Lewis maintains that the trial court erred by classifying him as a sexual predator. Lewis argues that this finding was against the manifest weight of the evidence. We disagree.
In order to adjudicate a defendant a sexual predator, a trial court must find by clear and convincing evidence that the defendant has been convicted of or pleaded guilty to a sexually-oriented offense and that "he is likely to engage in the future in one or more sexually oriented offenses."[3] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. It does not mean clear and unequivocal."[4]
It is undisputed that Lewis's conviction for rape involved a sexually-oriented offense.[5] Accordingly, the issue before the court was whether Lewis was likely to engage in future sexually-oriented offenses. The trial court concluded that this was likely. The court based its decision on the circumstances surrounding the 1985 rape and Lewis's prior convictions of violent crimes.
After reviewing the record, we cannot say that the trial court's determination was against the manifest weight of the evidence. Although Lewis had only been convicted previously of one sexually-oriented offense, he did have two prior convictions for crimes of violence — burglary and robbery — and he was cited in prison for assaulting a fellow inmate. Further, Lewis displayed cruelty during the commission of the rape by twice hitting the victim, once with a metal bar on her head. While there were other factors that the trial court could consider in determining whether Lewis was likely to reoffend, we are mindful that the "judge has the discretion to determine what weight, if any, he or she will assign to each [factor set forth in R.C. 2950.09(B)(3)]."[6] Based on the weight given the factors cited by the trial court, we conclude that the court's classification of Lewis as a sexual predator was supported by clear and convincing evidence.
Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] 83 Ohio St.3d 404, 1998-Ohio-291, 200 N.E.2d 570.
[2] Id. at 427.
[3] R.C. 2950.01(E) and 2950.09(B)(3); State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247, 743 N.E.2d 881.
[4] Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.
[5] R.C. 2950.01(D)(1)(a).
[6] State v. Thompson, 92 Ohio St.3d 584, 589, 2001-Ohio-1288,752 N.E.2d 276.