THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* RONALD JAMES SADNESS, Respondent.

Argued October 4, 1949; decided November 23, 1949.

*Louis G. Bruhn, District Attorney (Vincent G. Connelly* of counsel), for appellant. I. Defendant stood by while his counsel entered a plea of guilty and answered questions prior to sentence

pursuant to section 485-a of the Code of Criminal Procedure, and thereby waived his statutory right personally to enter his plea of guilty, and was properly sentenced by the County Court which had full jurisdiction. (*People* v. *La Barbera*, 274 N. Y. 339; *People ex rel. Walsh* [*Franco*] v. *Warden of Sing Sing*, 176 Misc. 627, 262 App. Div. 859; *People* v. *Cassidy*, 213 N. Y. 388; *People* v. *Sugarman*, 248 N. Y. 255; *Pierson* v. *People*, 79 N. Y. 424; *People* v. *Guidici*, 100 N. Y. 503; *People* v. *Gowasky*, 244 N. Y. 451; *People ex rel. Battista* v. *Christian*, 249 N. Y. 314; *People* v. *Schaefer*, 179 Misc. 147.) II. The statutory right of defendant to enter his plea personally is a personal right completely unrelated to jurisdiction. (*Johnson* v. *Zerbst*, 304 U. S. 458; *Matter of Bojinoff* v. *People*, 299 N. Y. 145; *Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131; *People ex rel. Harrison* v. *Jackson*, 298 N. Y. 219.) III. Even if there were a violation of section 335 of the Code of Criminal Procedure by defendant's plea being entered by his counsel, defendant's remedy would be a motion in arrest of judgment or an appeal, and an application in the nature of *coram nobis* is an inappropriate remedy in this case. (*People ex rel. Harrison* v. *Jackson*, 298 N. Y. 219; *Matter of Lyons* v. *Goldstein*, 290 N. Y. 19; *Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131; *Matter of Bojinoff* v. *People*, 299 N. Y. 145; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1; *People* v. *Whitman*, 185 Misc. 459; *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361; *People* v. *Gersewitz*, 294 N. Y. 163; *Matter of Lyons* v. *Ward*, 272 App. Div. 120, 297 N. Y. 617, 334 U. S. 314.)

*Harry Gold* for respondent. I. There can be no waiver of the statutory requirement that defendant himself must put in a plea of guilty to a felony. The plea in this case having been made by counsel, the court was without jurisdiction to impose sentence. (*People* v. *Schaefer*, 179 Misc. 147; *People* v. *Welsh*, 88 App. Div. 65; *Abrams* v. *Bromberger*, 74 N. Y. S. 2d 302; *People* v. *Thompson*, 4 Cal. 238; *People* v. *Manriguez*, 188 Cal. 602; *Caruth* v. *State*, 77 Tex. Cr. Rep. 150.) II. The court having failed to comply with section 1943 of the Penal Law, defendant was wrongfully sentenced as a second offender. (*People ex rel. Terwillerger* v. *Brophy*, 146 Misc. 797.) III. An application in the nature of *coram nobis* is an appropriate remedy in this case. (*People* v. *Gersewitz*, 294 N. Y. 163.)

DYE, J. On March 18, 1940, the respondent, Ronald James Sadness, was arraigned in Supreme Court, Ulster County, upon an indictment for grand larceny first degree, and pleaded not guilty. On motion of the District Attorney the case was transferred to Ulster County Court and counsel assigned. Later and on April 11, 1940, the defendant appeared in Ulster County Court accompanied by his assigned counsel and through him, in open court, withdrew his former plea of not guilty and put in a plea of guilty, at the same time waiving the two-day interval for sentencing. The District Attorney then presented an information against the defendant charging him with being a second offender based upon a prior conviction and sentence for rape in California. The defendant, upon being advised of his rights in the premises, personally waived trial of the issue of identity and admitted the prior felony conviction. He was thereupon sworn and, when asked by the court, answered personally the customary presentence questions including the one that he had no legal reason why judgment should not be pronounced. A sentence to an indeterminate term of ten to twenty years as a second offender was imposed. No motion was made in arrest of judgment and no appeal was taken. In due course defendant was received in Clinton State Prison at Dannemora and commenced the service of his sentence.

On September 30, 1948, the defendant filed the within petition in the nature of a writ of error *coram nobis* to vacate and set aside his sentence and conviction in Ulster County Court for alleged lack of due process in that he was not accorded his rights respecting counsel and that his sentence as a second offender was improper in that his prior conviction was not established in the manner prescribed by section 1943 of the Penal Law. Since these allegations were wholly without support in either the clerk's minutes or the stenographer's minutes which were in evidence and which were not challenged, the petition was properly dismissed.

On appeal the Appellate Division, Third Department, was of the view that the record left open an issue as to whether the defendant had entered a valid plea of guilty and remitted the matter to Ulster County Court for additional proof. The records were incontrovertible and neither side introduced any additional proof. When advised of this the Appellate Division withdrew

its remittitur and entered an order which set aside the judgment of conviction, vacated the sentence and granted a new trial. The reversal was on the ground that the trial court was divested of its jurisdiction when the defendant's plea of guilty was put in by counsel instead of by defendant himself, as provided by section 335 of the Code of Criminal Procedure.

As we read the language of section 335, compliance with its mandate depends upon the putting in of the plea *in open court*, rather than upon the circumstance that the actual word of " guilty " must issue from the mouth of the defendant himself (*Matter of Rudd* v. *Hazard,* 266 N. Y. 302).

The proceedings here were conducted in open court. The defendant was present and heard his counsel request the court to change his former plea of not guilty to one of guilty. Such procedure is not without precedent and indeed in at least two prior cases where the record indicated a similar course had been followed, we assigned no error because of such fact and thereby recognized that a plea of guilty through counsel in open court is permissible (*People ex rel. Kondrk* v. *Foster,* 299 N. Y. 329; *Matter of Rudd* v. *Hazard, supra*).

Now that the question is squarely before us, we are satisfied that acceptance of defendant's plea of guilty through his counsel, in open court, did not amount to such statutory noncompliance as to constitute grounds for reversal of the judgment of conviction had thereunder.

On the other hand, a word should be said as to the availability of the remedy of a writ of *coram nobis* in a situation of this sort. As we have recently pointed out, it is available whenever a plea of guilty has been induced by fraud or misrepresentation (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19), or where a conviction has been obtained by the use of testimony known by the prosecutor to be perjured (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131), or where the court has failed to advise the prisoner of his right to counsel and to inquire if he desired counsel (*Matter of Bojinoff* v. *People,* 299 N. Y. 145; *People* v. *Koch,* 299 N. Y. 378; *Matter· of Hogan* v. *Court of General Sessions,* 296 N. Y. 1), all of which involve the abrogation — without adequate remedy — of fundamental precepts either going to the jurisdiction of the court or result-

ing in the perpetration of a fraud upon the court. We have also indicated that where an error of law appears on the face of the record *coram nobis* is not available (*People* v. *Gersewitz,* 294 N. Y. 163, 167), and that the proper procedure to be adopted by a petitioner for the correction of such an error must be limited to the normal appeal, motion in arrest of judgment, or motion to withdraw a plea (*Paterno* v. *Lyons,* 334 U. S. 314; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361).

The rule thus announced finds further illustration in another case which we also decide today (*People* v. *Kendricks,* 300 N. Y. 544). There we held that a defendant may not by *coram nobis* attack a judgment of conviction where the asserted error — refusal of the District Attorney to disclose the identity of an informer upon whom police officers relied in giving testimony — appeared on the face of the record and accordingly, could have been reviewed by motion in arrest of judgment or by appeal.

The petitioner's additional contention that he was improperly sentenced as a second offender pursuant to section 1943 of the Penal Law, is without support in the record as evidenced by the Ulster County Court's minutes and stenographer's minutes.

The order of the Appellate Division should be reversed and the order of the County Court dismissing the petition herein affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and BROMLEY, JJ., concur.

Ordered accordingly.