THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM RUPOLI, Appellant.

Argued January 24, 1952; decided April 17, 1952.

*Edward H. Levine* and *Arnold D. Roseman* for appellant. I. The People failed to prove that the suits found in defendant's home were the stolen suits. (*People* v. *Lewis,* 275 N. Y. 33; *People* v. *Cassidy,* 160 App. Div. 651; *People* v. *Davino,* 284 N. Y. 486, 288 N. Y. 423; *People* v. *Seppi,* 221 N. Y. 62; *People* v. *Spickler,* 255 N. Y. 408; *People* v. *Klvana,* 241 N. Y. 481; *Fealey* v. *Bull,* 163 N. Y. 397; *Matter of Case,* 214 N. Y. 199; *People* v. *Orr,* 270 N. Y. 193; *People* v. *Ammon,* 92 App. Div. 205, 179 N. Y. 540; *People ex rel. Briggs* v. *Hanley,* 185 App. Div. 667.) II. The value of the stolen suits was less than $100 and the conviction for a felony must be reversed as a matter of law. (*Wehle* v. *Haviland,* 69 N. Y. 448; *McAnarney* v. *Newark Fire Ins. Co.,* 247 N. Y. 176; *Blanchard* v. *Ely,* 21 Wend. 342; *Boyd* v. *Brown,* 17 Pick. 453; *Smith* v. *Condry,* 1 How. [U. S.] 28; *Griffin* v. *Colver,* 16 N. Y. 489; *People* v. *Daghita,* 276 App. Div. 20, 301 N. Y. 223; *Bower* v. *Palmer,* 281 N. Y. 341; *Sager* v. *Friedman,* 270 N. Y. 472; *Foster* v. *Di Paolo,* 236 N. Y. 132; *Reno* v. *Bull,* 226 N. Y. 546; *Hoffman* v. *Conner,* 76 N. Y. 121; *Rathbone* v. *Ayer,* 121 App. Div. 355; *Bini* v. *Smith,* 36 App. Div. 463; *People* v. *Kress,* 284 N. Y. 452; *People* v. *Felber,* 264 App. Div. 181.)

*Miles F. McDonald, District Attorney (William I. Siegel* of counsel), for respondent. I. Appellant's guilt was established beyond a reasonable doubt. (*People* v. *Schwab,* 182 Misc. 959; *Shewitz* v. *United States,* 293 F. 581; *People* v. *Pers,* 362 Ill. 298; *People* v. *Sugarman,* 248 N. Y. 255; *People* v. *Pesky,* 254 N. Y. 373; *People* v. *Bearden,* 290 N. Y. 478; *People* v. *Wrieden,* 299 N. Y. 425; *People* v. *Spinello,* 303 N. Y. 193; *People* v. *McCarthy,* 250 N. Y. 358; *People* v. *Sherlock,* 166 N. Y. 180.) II. Appellant was properly convicted of the crime of criminally receiving, etc., as a felony. (*Reno* v. *Bull,* 226 N. Y. 546; *McAnarney* v. *Newark Fire Ins. Co.,* 247 N. Y. 176; *Sager* v. *Friedman,* 270 N. Y. 472.) III. No errors of law were committed by the trial court. (*People* v. *Thau,* 219 N. Y. 39; *People* v. *Molineux,* 168 N. Y. 264; *People* v. *Goldstein,* 295 N. Y. 61.)

*Per Curiam.* The defendant stands convicted of the crime of criminally receiving, concealing and withholding stolen property as a felony. Such an act is a felony if the property be of the value of more than $100 but if the property be of the value of

not more than $100 the act is a misdemeanor. (See Penal Law, § 1308.)

The property in question was suits of men's clothing. The owner of the retail store from which the suits had been stolen testified that the wholesale price to him of each suit was $40 or $41 and that he sold such a suit at retail for $67.

In his charge to the jury the Trial Judge said: " The jury may not consider any testimony as to retail sales price of said suits in determining the value of the suits, but must be limited to the testimony of the complainant as an expert, concerning the wholesale price, as evidence of the value of the suits. * * * The law states that if the value of the stolen property is less than $100 it is a misdemeanor; but if it is more than $100, it is a felony, so please bear that in mind on the question of value." No exception to that instruction was taken either by the trial prosecutor or by the defendant's trial counsel.

The jury found the defendant " guilty as charged in the indictment " and the defendant was thereby accused of the felony of criminally receiving, concealing and withholding stolen property of the value of more than $100. There was ample evidence that the suits received, concealed and withheld by this defendant were three in number and the jury must have credited that evidence, since the Trial Judge had charged them to fix the value of the suits at the wholesale price thereof, namely, $40 or $41 a suit as has been shown by the testimony above referred to.

We find no merit in objections made by the defendant to certain items of the evidence against him. On the whole, the conviction should be affirmed.

We express no opinion in respect of the correctness of the instruction we have quoted from the charge delivered by the Trial Judge to the jury.

The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment affirmed.