THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE SULLIVAN, Appellant.

First Department, March 12, 1957.

*Eugene Sullivan,* appellant in person.

*Walter E. Dillon* of counsel (*Daniel V. Sullivan, District Attorney,* attorney), for respondent.

*Per Curiam.* This is an appeal from an order of the County Court, Bronx County, denying a motion in the nature of a writ of error *coram nobis* to vacate and set aside a judgment rendered April 1, 1935, pursuant to which the defendant was convicted and sentenced for the crime of robbery in the first degree. Almost 22 years have passed between the judgment of conviction and this application. The Judge who pronounced sentence, the court reporter who recorded the proceeding, and the defendant's attorney have all died.

The defendant's motive in seeking relief is obvious. Released on parole in 1941, he thereafter committed a crime in another State, was convicted, served a sentence therefor, and then was returned to this State as a parole violator for which he is now confined.

The defendant's verified petition states that prior to sentence, he had not been asked whether he had any legal cause to show why judgment should not be pronounced against him, as required by section 480 of the Code of Criminal Procedure (*People ex rel. Miller* v. *Martin,* 1 N Y 2d 406). In opposition to the application, an affidavit by a County Court reporter (Irving Netzer), was submitted which alleges that the stenographic minutes taken at the time of sentence reveal that after the court clerk had asked, '' What have you now to say, etc.'' the defendant

responded with the word " Nothing ", and that the defendant's attorney then made a plea to the court for leniency. It is suggested that the deceased stenographer abbreviated his notes in recording the question uniformly asked by the clerk at the time of sentence. The court clerk states by affidavit that on the day defendant was sentenced he asked the question in proper form.

Countering these papers, the defendant has submitted a reply affidavit which contains a copy of a letter addressed to him dated August 9, 1955, and written by the same stenographer who transcribed the shorthand notes of his deceased colleague, stating that he was unable to transcribe them.

There thus appears to be a question of fact raised as to the accuracy of the transcription of the notes of the deceased stenographer and the ability of Mr. Netzer to read the original notes. Due process requires that such an issue of fact be determined at a hearing at which the defendant be accorded the benefit of examination and cross-examination by his counsel.

*Coram nobis* will not be available to the defendant if it is found after the facts are fully explored, that there is an error of law apparent on the face of the record, resulting from a failure to comply with section 480. Under such circumstances, the defendant must be relegated to the procedure of a normal appeal or the other means provided by statute. (*People* v. *Sadness,* 300 N. Y. 69; *People* v. *Gersewitz,* 294 N. Y. 163, 167.)

In view of the issues raised, a hearing should be accorded the defendant, at which there should be inquiry as to whether the clerk followed the mandate of section 480 at the time of sentence; the accuracy of the transcription of the stenographic minutes taken by the deceased stenographer; and such other questions as are presented with respect to the regularity of the sentence.

The order appealed from should be reversed, in the exercise of discretion, and the matter remitted to the County Court for a hearing in accordance herewith.

BOTEIN, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed and the matter remitted to the County Court for a hearing in accordance with the opinion herein. Settle order on notice.