■ JOSEPH ZINK, Appellant, v. INTERNATIONAL RADIANT CORPORATION, Respondent, et al., Defendants.— In an action to recover damages alleged to have been suffered by appellant in connection with the assignment to him by respondent of certain accounts receivable, the appeal is from an order which on reargument (1) vacated a judgment entered by appellant, on respondent's default in pleading, (2) permitted respondent to interpose an answer, and (3) vacated a third-party subpœna issued by appellant. Order affirmed, with $10 costs and disbursements. Upon the motions which resulted in the order appealed from, respondent established sufficient facts to justify the discretionary action of the Special Term. We pass on no other question. Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

## July 8, 1957

■ FRANK P. PALERMO et al., Respondents, v. BRIDGE DUFFIELD CORP. et al., Respondents; SCHLOSSER BROS. EXCAVATORS, INC., Respondents-Appellant, and WILLIAM KASINETZ et al., Respondents. — Motions for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ. [See 3 A D 2d 863.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MILLER, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, convicting him of the crimes of burglary in the third degree, etc. Upon consideration of defendant's brief and his motion to vacate the judgment and for a new trial, we have concluded that, in the absence of the stenographer's minutes of the trial, it is impossible to determine the issues presented on the appeal. The District Attorney consents to a new trial. Under the circumstances, the motion is granted, the judgment is vacated and a new trial is ordered (cf. *People* v. *De Mayo*, 2 A D 2d 985). Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MORGAN, Appellant. — Motion for leave to appeal as a poor person and for assignment of counsel on an appeal from an order denying an application in the nature of a writ of error *coram nobis*. Motion denied on the ground that, on such an appeal, appellant's contentions may not be considered by the court. In view of the nature of appellant's contentions, they may be asserted and reviewed only on an appeal from the judgment of conviction. (*People* v. *Sadness*, 300 N. Y. 69, 74, cert. denied 338 U. S. 952; *People* v. *De Barros*, 1 A D 2d 845.) Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.