George M. Carney, J.
This is an application for a writ of error coram nobis to vacate a conviction for the crime of murder in the first degree with a recommendation of life imprisonment. Sentence was so imposed on June 5, 1944, and the conviction was affirmed on appeal. (People v. White, 265 App. Div. 1046, affd. 293 N. Y. 651.)
The petitioner attacks the conviction on the ground that sections 433, 450 and 451 of the Code of Criminal Procedure were violated when the jury returned its verdict.
The trial minutes reflect the following in this respect:
“ (The jury returned to the court room at 2:40 p.m.)
‘ ‘ The clerk : Gentlemen of the jury, please rise. Gentlemen of the jury, look upon the defendant; defendant, look upon the jury. Gentlemen of the jury, have you agreed upon a verdict?
“The foreman; We have.
*396 ‘ ‘ The clebk : How say you, do you find the defendant at the har guilty or not guilty?
“ The fobemah : We find the defendant guilty of murder in the first degree, with a unanimous recommendation that he he given life imprisonment.
“ The clebk: Hearken unto your verdict as it stands recorded: You say you find the defendant at the har guilty of murder in the first degree and you recommend that he be imprisoned for life, and so say you all.”
The claim is advanced that there is nothing in the record to show that 12 jurors were present at the time of the verdict. However, the petitioner negates this assertion when he states that the clerk did not ask each of the other 11 jurors individually if the verdict announced by the foreman was their verdict. It is worth noting that at the time the jury retired to deliberate, the Trial Judge excused the alternate jurors and stated: ‘ ‘ Fortunately, nothing unforeseen has happened during the course of the trial, so that the original twelve jurors chosen are the ones to go into the jury room and render a verdict. The law only provides for twelve.” The verdict states that it was unanimous (supra).
The points raised by the petitioner are matters on the face of the record and coram nobis does not lie (People v. Sadness, 300 N. Y. 69, 74; People v. Shapiro, 3 N Y 2d 203). Within this context, it has been held that alleged violations of sections 433, 450 and 451 are not within the scope of coram nobis relief (People v. Allgood, 2 A D 2d 931; People v. Schoenfeld, N. Y. L. J., Aug. 30,1955, pp. 8-9, affd. no opn. 1 A D 2d 897).
Motion denied and the District Attorney is directed to enter an order in conformance with the decision herein rendered and to forward a copy of said order to the defendant.