Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment dated February 6, 1951 (Goldstein, J.), convicting the defendant, after trial, of the crime of receiving stolen property, as a felony, and sentencing him as a third felony offender to a term of not less than 19 and not more than 20 years in State prison. The judgment of conviction was affirmed both by the Appellate Division (278 App. Div. 981), and by the Court of Appeals (303 N. Y., 595). He thereafter successfully moved to be sentenced as a second felony offender on the ground that one of his prior convictions resulted in a suspended sentence (People v. Shaw, 1 N Y 2d 30), and he was resentenced, as such, to a term of 10 to 20 years.
His present application is based upon the ground that, during the trial, certain typewritten statements, containing prejudicial pencil notations, were received in evidence in their original form, in violation of an agreement with the District Attorney that these pencil notations be deleted, and on the further ground that, in his absence, the court informed the jury that, by stipulation of the District Attorney and defense counsel, the jury, *638 if it wishes, may get all except certain specified exhibits. He contends this was done without getting his personal consent or approval.
The errors complained of are not available to the defendant by writ of error coram nobis. They occurred in the presence of the defendant’s counsel who voiced no objection to any of the proceedings. These errors and the failure to comply with section 425 of the Code of Criminal Procedure, apparent on the face of the record, could have been urged on appeal or he could have moved for a new trial. (Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 6; People v. Sadness, 300 N. Y. 69, 74; People v. Kendrick, 300 N. Y. 544.) He did neither. “ Such a procedural error may not now be asserted as a basis for coram nobis. The writ of error coram nobis may not be used as a vehicle for an additional appeal or a belated motion for a new trial which, although available to the defendant after verdict (Code Crim. Pro., § 465), was not made.” (People v. Shapiro, 3 N Y 2d 203, 206.) The application is, therefore, denied. Submit order.
Let the District Attorney serve a copy of the order, when signed, together with notice of entry thereof, on the defendant at the institution where he is presently confined.