Daniel E. Maoken, J.
Upon the hearing of this proceeding, based primarily upon relator’s contention that the sentencing Judge failed to comply with the provisions of section 480 of the Code of Criminal Procedure, a question arose as to whether the statutory period of time elapsed between relator’s plea of guilty and the imposition of sentence. Certified copies of the reporter’s transcript of the minutes of the proceedings upon relator’s plea of guilty on September 17, 1952 have now been furnished the court and the relator and are received in evidence, The sentence having been imposed on October 20, 1952, it is of course apparent that more than the required statutory time between plea and sentence elapsed.
From the reporter’s transcript of the proceedings at the time of sentence it appears that the question required by section 480 was addressed to the relator and replied to by his attorney immediately before the pronouncement of sentence. That the question was replied to by relator’s counsel rather than himself, does not amount to noncompliance with the statute. (People v. Sadness, 300 N. Y. 69; People v. Daboul, 209 N. Y. S. 2d 4.)
*967 In his petition relator contends that at the time of the sentence he had very limited knowledge of the English language. From the record it appears that when relator entered his plea on September 17, 1952, all proceedings were translated to him by a sworn Spanish interpreter. Although the minutes reveal that certain portions of the proceedings at the time of sentence on October 20,1952 were explained to the relator in Spanish by his counsel, it does not appear that such procedure was followed with respect to the question propounded pursuant to section 480. It may thus be fairly inferred, and I find, that at the time of his sentencing the relator did not have sufficient knowledge of the English language to comprehend the proceedings and the propounded question was not translated to him. (People ex rel. Sheehan v. Murphy, 6 N Y 2d 238.)
“ The right of a defendant to speak for himself, after conviction * * * is one of substance and should be carefully guarded.” (People v. Nesce, 201 N. Y. 111, 114.) “ The requirement of section 480 is mandatory and may not be waived.” (People ex rel. Miller v. Martin, 1 N Y 2d 406, 410.) In holding that a defendant’s plea of guilty through his counsel was valid, despite the seemingly contrary requirement of section 335 of the Code of Criminal Procedure, the court pointed out1 ‘ The proceedings here were conducted in open court. The defendant was present and heard his counsel request the court to change his former plea of not guilty to one of guilty.” (People v. Sadness, 300 N. Y. 69, 73, supra; italics added.) While, having heard the question required by section 480, a defendant by his silence may acquiesce in its answer by his counsel, neither a defendant nor his counsel may waive the requirement that defendant’s right to speak for himself be understandably communicated to him.
The writ is sustained to the extent that the relator be remanded to Bronx County Court, there to be resentenced on his plea of guilty. (People ex rel. Emanuel v. McMann, 7 N Y 2d 342, 344.)