■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES EDWARD HAIRSTON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL JAMES THOMAS, Appellant.— Appeal by defendants from separate judgments of the County Court, Queens County, rendered June 8, 1961, after a jury trial, convicting each of them of attempted robbery and attempted grand larceny, both in the first degree, assault in the second degree, and carrying a dangerous weapon (as a misdemeanor), and imposing sentence. Judgments affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH HORNE, Appellant.— In a proceeding by defendant, designated by him as one for a writ of error *coram nobis*, to vacate his sentence as a second felony offender, and for resentence as a first felony offender upon a judgment of the County Court, Queens County, entered May 11, 1960, upon his plea of guilty, convicting him of the crime of attempted burglary in the third degree, the defendant appeals from an order of said court, dated April 9, 1962, which denied his application. Appeal dismissed. In our opinion, whether the defendant's application be deemed one for a writ of *coram nobis* or a motion for resentence is immaterial under the circumstances of this case. The basic question of law as to the felonious quality of defendant's prior conviction in 1950 in the State of Florida, was raised and decided of record before entry of the County Court's judgment of conviction on May 11, 1960. That question could have been reviewed on the appeal from the judgment of conviction, which the defendant took but failed to prosecute. *Coram nobis* is not available as a remedy alternative to appeal (*People* v. *Sullivan*, 3 N Y 2d 196; *People* v. *Sadness*, 300 N. Y. 69); nor is an order denying a motion for resentence, such as the one at bar, appealable (*People* v. *Kay*, 6 A D 2d 1037; *People* v. *Rockwell*, 1 A D 2d 933; *People* v. *Sidoti*, 1 A D 2d 232, 234). Nevertheless, we have examined into the merits of defendant's contentions that his Florida conviction would have been for a crime of the grade of misdemeanor only, if such crime had been committed in New York. We find such contentions to be without substance. Whether the defendant's earlier conviction was based on section 810.01 or section 810.02 of the Florida Statutes Annotated, it was properly deemed to be a prior felony conviction in this jurisdiction (*People ex rel. Gold* v. *Jackson*, 5 N Y 2d 243; *People* v. *Schildkraut*, 285 App. Div. 933; *People* v. *Hatchet*, 1 A D 2d 1016). Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES PETERS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the former County Court, Kings County, entered April 2, 1962, which denied, without a hearing, his application to vacate a judgment of said court rendered April 5, 1954, on his plea of guilty, convicting him of robbery in the first degree, armed, and imposing sentence. Order affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.