■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD S. LEVY, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated October 4, 1962, which denied, without a hearing, his application to vacate a judgment of the court rendered January 21, 1960 after a jury trial, convicting him of burglary in the third degree, and sentencing him, as a second felony offender, to serve a term of 5 to 10 years. The judgment was previously affirmed by this court (11 A D 2d 784) and leave to appeal to the Court of Appeals was denied December 30, 1960 [FULD, J]. Order affirmed. Defendant's application was based on the trial court's failure to comply with the provisions of section 335-b of the Code of Criminal Procedure. In our opinion, while the court's failure to invoke the statutory provisions (Code Crim. Pro., § 335-b) constituted a deprivation of a substantial right to which defendant was entitled (*People* v. *Schulman*, 13 A D 2d 441; *People ex rel. McIntosh* v. *Fay*, 18 A D 2d 175), *coram nobis* to correct such error or irregularity does not lie. Where, as here, defendant previously appealed from the judgment of conviction and could have pressed the error on such appeal but failed to do so, he is thereafter precluded from resorting to *coram nobis* by reason of said error (*People* v. *Sadness*, 300 N. Y. 69). Under such circumstances, even though the error or

irregularity relates to the claimed violation of a constitutional right, *coram nobis* is unavailable; it must be limited to "calling up facts unknown at the time of the judgment" (*People* v. *Caminito*, 3 N Y 2d 596, 601). Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur; Ughetta, Acting P. J., concurs in the result, with the following memorandum: After a jury trial at which he was represented by counsel, defendant was convicted. His conviction was affirmed on appeal (11 A D 2d 784). In my opinion, he was not prejudiced in respect to a substantial right by virtue of the failure to impart the warning prescribed by section 335-b of the Code of Criminal Procedure (*Matter of Astman* v. *Kelly*, 2 N Y 2d 567, 573).