Dye, J. (dissenting).
Following a cor am nobis hearing on the merits, both courts below have held that Officer Casey did not commit perjury at the 1957 trial when he inadvertently and mistakenly testified that he was constantly in the Brooklyn Burglary Squad on the afternoon of November 30, 1956 until 7:00 p.m. and that at no time did he leave the precinct all that afternoon. At the coram nobis hearing Officer Casey, having had his recollection refreshed, testified that in fact he did leave the squad office to take a statement at the District Attorney’s office involving another crime at about 3:35 p.m. and that had he realized the error at the time he would have so testified as he had no reason for testifying to the contrary. It is likewise undisputed that the attorney who prosecuted was not aware of this contradictory evidence. We have consistently ruled that coram nobis does not lie without allegation and proof ££ of fraudulent use of perjured testimony by the prosecuting attorney ” (People v. Costello, 8 N Y 2d 954, cert. den. 365 U. S. 852, rehearing den. 366 U. S. 915 ; People v. Fanning, 300 N. Y. 593; People v. Sadness, 300 N. Y. 69; Matter of Morhous v. Supreme Court, 293 N. Y. 131; Napue v. Illinois, 360 U. S. 264; Alcorta v. Texas, 355 U. S. 28).
When appellant was first brought to the Brooklyn Squad about 12:30 p.m. on November 30, 1956, he was interrogated by Casey and others until about 2:00 p.m. and was then taken to his home. In the meantime Casey went to the office of the District Attorney. Upon his return to the squad office about 4:00 p.m., the appellant had also been returned for further questioning. According to appellant an unidentified officer gave him some wine between *361 4:30 p.m. and 4:45 p.m. At about 7:00 p.m. appellant was delivered to the 63rd Squad. Throughout these periods of detention and questioning, appellant stoutly maintained his innocence. However, when confronted with indisputable proof connecting him with the crime, he made a statement in the nature of a confession about 12:30 a.m. At the trial, he repudiated the voluntariness of the confession, asserting it had been induced by the wine, together with threats of violence and coercive methods practiced by the police. Every detective involved in the interrogation from the time of appellant’s detention to the time he confessed testified in rebuttal that at no time was appellant threatened or coerced, and the appellant was never at any time given any wine. Casey so testified, and it is undisputed that he was present at the time the wine episode is alleged to have occurred and reiterated it at the coram nobis hearings.
Whether Detective Casey was present or not during the entire period of time that appellant was in the Burglary Squad was wholly immaterial and irrelevant to the issue of voluntariness of the confession which had been made in a different setting, before different officers, and at a much later period of time — to wit, 12:30 a.m. December 1, 1956.
Both courts below have found as a fact that such testimony could have no bearing on the issue of appellant’s guilt or innocence or whether or not the confession was a voluntary one.
Coram nobis relief is not applicable for nonmaterial allegation affecting no substantial right of the accused (People v. Freudenberg, 5 N Y 2d 209) nor has it been made available as the alter ego of a statutory remedy such as a motion for a new trial on newly discovered evidence (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1; People v. Lesser, 304 N. Y. 903).
Nowhere in the trial record or in the minutes of the coram nobis hearing does it appear that this appellant was in any way deprived of due process requiring correction by judicial process. The sole issue was one of fact.
For these reasons I dissent and vote to affirm.
Judges Fuld, Burke and Foster concur with Chief Judge Desmond; Judge Dye dissents in an opinion; Judges Van Voorhis and Scileppi concur in the following memorandum: In our view, it is an unwarranted extension of relief by coram nobis to employ that writ to retry questions of fact that have been *362 decided at a trial, even though it later develops that some of the testimony against the accused was contrary to fact, unless it has been fraudulently introduced by the prosecution. Neither is a writ of error coram nobis a substitute for a motion for a new trial on the ground of newly discovered evidence. The order affirming the dismissal of the petition should be affirmed.
Order reversed, the judgment vacated and a new trial ordered.