Abraham N. Geller, J.
In this coram nobis application petitioner Sams seeks to vacate his pr e-Mapp conviction on the ground that the gun of a codefendant introduced in evidence at their trial was obtained as the result of an alleged illegal search and seizure.
Petitioner-defendant appealed from the judgment of conviction entered December 12,1960. The decision of the Supreme Court in Mapp v. Ohio (367 U. S. 643) was rendered on June 19, 1961. Petitioner’s conviction was affirmed by the Appellate Division on February 1,1962 (15 A D 2d 735); leave to appeal was thereafter denied by a Judge of the Court of Appeals; and a petition for certiorari was denied by the Supreme Court of the United States.
In People v. Loria (10 N Y 2d 368 [Nov. 30, 1961]) the Court of Appeals held that the Mapp rule was to be applied in the review of pending appeals from pr e-Mapp convictions. Accordingly, the question of the alleged illegal search and seizure could have been raised and reviewed on the appeal taken by petitioner.
Coram nobis may not be used as a substitute for an appeal from a judgment of conviction, if there was a right to review on an appeal rulings made on a trial, even though these are claimed to have been in violation of a constitutional right (Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 6; People v. Sadness, 300 N. Y. 69). In People v. Howard (12 N Y 2d 65, 68) the rationale for the rule was clearly stated: “It would introduce confusion in the administration of justice if defenses or objections which might have been made and reviewed on appeal could be reserved as grounds for collateral attack upon the judgment of conviction years after it was rendered. In other words, and we come back to our point of beginning, neither *347 coram nolis nor any other post-conviction remedy may be employed to perform the office of an appeal. ’ ’
It was pointed out in People v. Howard (pp. 68-69) that the circumstance that a trial antedates a change in decisional law does not effect an enlargement of the scope of coram nobis; that there can be no retroactive application of the new rule to a case where an appeal either was not taken or was exhausted before it was announced. The principle is a fortiori where the new rule is made applicable to pending appeals while an appeal in the instant case is still undetermined.
Actually, petitioner’s application for leave to prosecute his appeal as a poor person listed among the alleged errors committed by the trial court the admission in evidence against him of his codefendant’s gun. When testimony was being given as to how the gun was found on the fire escape adjoining the codefendant’s apartment, petitioner’'S counsel requested an instruction to the jury that any testimony concerning the finding of the gun was not binding on petitioner, and the court gave such instruction at that point.
It becomes unnecessary to consider whether — and on this record this alone would be a serious question — the alleged illegal search and seizure point had been preserved for a review by an appropriate objection. Although objection had previously been taken by petitioner’s counsel to the admission in evidence of the gun on other grounds, the granting of the requested instruction would appear to have disposed of any possible contention based on the seizure and use of the gun as against petitioner. In any event, a question of admissibility of evidence is to be raised on an appeal and not by way of coram nolis.
The application is accordingly denied.