546

■ ETHEL McDERMOTT et al., Appellants, v. FRANKLIN A. BARKER et al., Respondents, et al., Defendants.— In an action to recover damages for injury to person and property and for loss of services and medical expenses, the plaintiffs appeal: (1) from a judgment of the Supreme Court, Nassau County, entered February 13, 1963 after trial upon a jury's verdict in favor of the defendants Barker and the Incorporated Village of East Rockaway; (2) from the denial of plaintiffs' oral motion to set aside such verdict and for a new trial; and (3) from an order of said court, dated January 29, 1963, which denied their motion for reargument of such oral motion. Judgment affirmed, with costs. Appeal from denial of plaintiffs' oral motion and from the order of January 29, 1963 dismissed. No appeal lies from either of such dispositions, and in any event, in view of our affirmance of the judgment, such determinations are academic. Unlike the statement as to the manner of the happening of the accident considered in *Williams* v. *Alexander* (309 N. Y. 283, 287, 288), which was there held to have been erroneously received when offered pursuant to section 374-a of the former ·Civil Practice Act, the statement in the present hospital record as to the manner in which the accident happened was introduced in evidence only after the doctor who had made the entry testified that he would not have done so if the information had been given to him by anyone other than the patient. Thus, the statement here was an admission and properly received as such; it was not received under said section 374-a. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE BURRELL, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated October 9, 1962, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered June 8, 1948 after a jury trial, convicting him of robbery and grand larceny (both in the first degree) and assault in the second degree, and imposing sentence. Order reversed on the law and matter remitted to the Supreme Court, Kings County, Criminal Term for a hearing and for further proceedings not inconsistent herewith. The defendant, if so advised, may apply in the court below for the assignment of counsel to represent him upon such hearing. No questions of fact were considered. The defendant states that the District Attorney knowingly offered perjured testimony in obtaining his conviction; that the perjurer was also under arrest; that the District Attorney offered the perjurer leniency in exchange for his testimony; and that the District Attorney did not reveal all this to the jury. The District Attorney's affidavit, probably through inadvertence, fails to deny any of these allegations. The affiant argues only that at a previous hearing the defendant admitted that the District Attorney knew nothing of the perjury and that the defendant should not be heard to contradict himself now that he has discovered the necessity to impute knowledge of the perjury to the District Attorney (cf. *People* v. *Sadness*, 300 N. Y. 69; *Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131). The lower court's decision to deny to the defendant another hearing was based solely on the defendant's previous admission that ·the District Attorney had no knowledge of the perjury. We conclude, however, that lack of knowledge or policy considerations could explain the defendant's previous admission and that the spirit of the remedy of *coram nobis* would not be furthered by foreclosing this defendant from a hearing, where, as here, none of his allegations is denied. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.