■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES L. FORELLA, Appellant.— Order of the County Court, Westchester County, dated June 27, 1967 and made on reargument, affirmed insofar as appealed from. No opinion. Appeal from order of the same court dated June 5, 1967 dismissed as academic. That order was superseded by the order dated June 27, 1967, which granted reargument and adhered to the original decision. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS JOHNSON, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered June 6, 1966. Pursuant to an order of this court (*People* v. *Johnson*, 28 A D 2d 910), the appeal has been held in abeyance pending a redetermination of the issue of voluntariness of statements elicited from codefendant Preston Lee as provided in this court's memorandum in *People* v. *Lee* (28 A D 2d 911). The hearing has been held and an order has been made thereon by the Supreme Court, Kings County, dated October 24, 1967, adjudging that the admissions of codefendant Preston Lee were voluntarily made. Judgment affirmed. No opinion. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PRESTON LEE, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered June 6, 1966. Pursuant to an order of this court, the appeal has been held in abeyance pending a second *Huntley* hearing (*People* v. *Lee,* 28 A D 2d 911); such hearing has been held and an order has been made thereon by the Supreme Court, Kings County, dated October 24, 1967, adjudging that appellant's admissions were voluntarily made. Judgment affirmed. No opinion. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM PAUL MIELE, Appellant.— Appeal from an order of the Supreme Court, Queens County, dated January 18, 1967, dismissed. An order denying a motion for resentence is not appealable (*People* v. *Holmes,* 27 A D 2d 843). Further, *coram nobis* is not a proper remedy to raise the question of an improperly accepted guilty plea where the facts giving rise to such claim appear on the face of the record (see *People* v. *Sadness,* 300 N. Y. 69). In any event, if the merits of defendant's claim were properly before us, we would hold that his version of the circumstances surrounding the commission of attempted grand larceny in the second degree, to which he offered to plead guilty, did establish his guilt thereof (cf. *People* v. *Serrano,* 15 N Y 2d 304). Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.