■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROD CARPENTER, Appellant.— Appeal by defendant from an order of the County Court, Nassau County, entered May 16, 1968, which denied, without a hearing, his *coram nobis* application to vacate a judgment of said court, rendered November 22, 1963, which convicted him of robbery in the first degree, grand larceny in the second degree and assault in the second degree (two counts), upon a jury

verdict, and imposed sentence. Order reversed, on the law, the facts, in the exercise of discretion and in the interests of justice; judgment of conviction vacated; and case remanded to the County Court for further proceedings not inconsistent herewith. The basic facts are as follows: Appellant, one Campbell and one Stephens were jointly tried before a jury for robbery, etc., and convicted. Each had given statements to the police in which he admitted his own guilt and also implicated the others; and all three confessions were received in evidence upon the joint trial. Appellant neither took the stand nor offered witnesses in his behalf. Stephens did not take the stand, but produced one witness. Campbell took the stand and produced witnesses. During the pendency of appellant's direct appeal from the judgment of conviction, he applied for a postconviction hearing on the voluntariness of his confession, pursuant to *People* v. *Huntley* (15 N Y 2d 72). A hearing was granted and resulted in a determination that appellant's confession was voluntarily made and properly received into evidence. On July 5, 1966, this court affirmed both the judgment of conviction and the order made on the *Huntley* hearing (*People* v. *Carpenter*, 26 A D 2d 773). Meanwhile, codefendant Campbell moved for, and was granted, a *Huntley* hearing with respect to his confession. In an order dated July 21, 1966, his confession was held to have been properly received into evidence. Campbell appealed that order and this court reversed it and granted him a new trial, holding that the statement had been improperly obtained (*People* v. *Campbell*, 28 A D 2d 735). Following our decision in *People* v. *Campbell* (*supra*) appellant commenced the *coram nobis* proceeding which is the subject of this appeal. In his petition, dated January 31, 1968, he alleged that he had been denied a fair trial because of the receipt into evidence of codefendant Campbell's improperly obtained confession, in which Campbell had also implicated appellant. The court below denied the application without a hearing, reasoning that since "the error alleged is matter which would appear on the record and properly be the subject of appeal, Coram Nobis relief must be denied. (*People* v. *Sadness*, 300 N. Y. 69)." The court stated further that "were it to base its determination on the merits it would conclude that the rights of defendant were fully insulated on the trial by appropriate instructions to the jury. (*People* v. *La Belle*, 16 N Y 2d 807; cf. *People* v. *La Belle*, 18 N Y 2d 405.)" In our opinion, appellant's claim is of the type which may properly be raised by *coram nobis*. "*Coram nobis* is to be treated as an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him" (*People* v. *Howard*, 12 N Y 2d 65, 66).[1] Upon his direct appeal from the judgment of conviction, appellant was precluded from advancing a claim that his codefendant Campbell's confession had been improperly obtained; he lacked standing (*People* v. *Portelli*, 15 N Y 2d 235; *People* v. *Brooks*, 31 A D 2d 943). It was not until after appellant's appeal was decided that Campbell obtained an adjudication that his confession had been improperly obtained. Accordingly, "no other avenue of judicial relief is, or ever was, available" to appellant (*People* v. *Howard*, *supra*, p. 66); and it cannot be said that appellant's claim appears on the face of the record. Turning to the merits of appellant's claim, it is no answer that his rights were adequately protected by instructions to the jury. That fiction was abandoned in *Bruton* v. *United States* (391 U. S. 123), wherein it was recognized that, as a practical matter,

---

1. While the authority of the precise holding in *Howard* is questionable in light of *People* v. *Huntley* (15 N Y 2d 72), we regard the statement of policy contained therein to be fundamentally correct.

such instructions are inadequate.[2] The only evidence connecting appellant with the commission of the crimes charged (apart from the improperly received Campbell confession) is his own confession and that of his accomplice, Stephens.[3] While these confessions, coupled with the testimony of the victim, which tends to establish that the crimes were committed by someone, might be sufficient to support a conviction (Code Crim. Pro., § 395), it is impossible to determine the weight given by the jury to the improperly obtained confession of codefendant Campbell in considering the question of appellant's guilt. It may well have been the existence of the other confessions which led the jury to believe that each confession was true and voluntarily made and the defendants' guilt proven thereby. Under the circumstances, fair procedure requires granting appellant a new trial in the interests of justice, at which time the issue of his guilt may be considered in the absence of the improperly received confession of his codefendant (*People* v. *Burd*, 22 N Y 2d 653; *People* v. *Cender*, 18 N Y 2d 610, revg. 25 A D 2d 437; *People* v. *Donovan*, 13 N Y 2d 148). Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.

---

2. We note, however, that the precise holding in *Bruton* is that it is reversible error to receive in evidence a confession by one defendant which also implicates a codefendant, where the confessing defendant elects not to take the stand, the rationale being that the implicated codefendant is thereby deprived of his right of confrontation. Although *Bruton* applies retroactively to both State and Federal prosecutions (*Roberts* v. *Russell*, 392 U. S. 293), appellant herein is entitled to no relief thereunder insofar as the Campbell confession is concerned, since Campbell took the stand (*People* v. *Burwell*, 30 A D 2d 842).

3. The victim of the crimes was unable to identify the perpetrators because they were wearing face masks; however, he did testify that he recognized Stephens' voice.