Scileppi, J. (dissenting in part).
It would be difficult, if the question were properly open to us, to dispute the principle espoused by the majority today. The issues are not, however, available to the defendant and this court is foreclosed from granting relief.
Defendant’s plea to attempted possession of a narcotic drug, a felony, took place on May 26, 1965 after his motion to suppress certain evidence had been denied. The plea minutes reveal that, in taking the plea, Justice Helfand inquired as to the underlying facts and that defendant was advised, pursuant to section 335-b of the former Code of Criminal Procedure, that if he had been convicted of other crimes or offenses, he might be subjected to different or additional punishment. Defendant replied that he was aware of this; at no time did he demonstrate any dissatisfaction with the plea. Thereafter, it was learned by the authorities that defendant had three prior felony convictions. A multiple-felony offender information was filed and, instead of moving to withdraw the plea or making a protestation that he was unaware of his status, defendant admitted Ms prior convictions. On October 28, 1965, the mandatory sentence for fourth-felony offenders —15 years to life (former Penal Law, § 1942) — was imposed. Later, in 1970, defendant was resen *843 tenced mmc pro tunc and took an appeal from the judgment of conviction. Aside from the fact that the conviction was affirmed (People v. Nettles, 35 A D 2d 911) and that leave to appeal to our court was denied, in January of 1971, the record is silent as to the issues raised in that appeal.
In the spring of 1971, defendant commenced the coram nobis and habeas corpus proceedings at bar. Both were consolidated for the purpose of a hearing and defendant, unsuccessful in the courts below, has now been afforded coram nobis relief on a finding that, at the time of the plea, defendant was unaware of his status as a fourth-felony offender and should have been advised that one of the consequences of such a plea was mandatory life imprisonment. Although I would agree that the courts must carefully safeguard the rights of a defendant who, as a fourth offender, decides to plead guilty and must ascertain whether the choice has been made with full knowledge of the severe consequences, I do not agree that defendant is entitled to the writ of coram nobis.
In People v. Howard (12 N Y 2d 65) this court, analyzing the function and limitations of the writ, observed that it is “ an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him ” (People v. Howard, 12 N Y 2d, at p. 66; see, also, People v. Sullivan, 3 N Y 2d 196, 198). Thus, where a defendant has had an opportunity to litigate an issue, he may not resort to coram nobis and may not use the writ as a substitute for an appeal from a judgment of conviction or for a motion to withdraw his guilty plea (see, e.g., People v. Bennett, 30 N Y 2d 283; People v. Schwarts, 12 N Y 2d 753; People v. Shapiro, 3 N Y 2d 203, 206; People v. Silverman, 3 N Y 2d 200; People v. Sullivan, 3 N Y 2d 196,199, supra; People v. Sadness, 300 N. Y. 69, 74; Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 6). In the case before us, defendant never moved to withdraw his plea. While this failure might not prevent defendant from raising issues with respect to the plea in an appeal from the judgment of conviction (People v. Serrano, 35 N Y 2d 304, 309), it precludes us from expanding the function of the writ. Since defendant had ample opportunity to fake issue with his guilty plea when he appealed his conviction, he may no longer attack that judgment (People v. Howard, 12 N Y *844 2d 65, 68, supra) and is limited to relief through the Executive Law (art. 2-A, §§ 15-19; see People v. Fink, 29 N Y 2d 443, 446).
In any event, even if the impact of this basic rule could be avoided, there would still be no right to coram nobis relief. The question whether defendant was aware that he was a fourth-felony offender is one of fact. Since that issue was resolved against the defendant at the hearing, this court is without power to find otherwise (People v. Fink, 29 N Y 2d 443, 445, supra; People v. Leonti, 18 N Y 2d 384, cert. den. 389 U. S. 1007). Nor may this court, in the context of a coram nobis proceeding, decide whether the trial court, in taking the plea or in imposing sentence, properly advised the defendant of the consequences of his act. Since the alleged error of law is one on the face of the record, the writ of coram nobis may not be invoked (see, e.g., People v. Sullivan, 3 N Y 2d 196, 197, supra; People v. Sadness, 300 N. Y. 69, 74, supra; People v. Gersewitz, 294 N. Y. 163,167).
Consequently, in view of these considerations, I am compelled to dissent and vote to affirm the order appealed from insofar as it relates to the coram nobis proceeding. I do, however, agree with the majority, albeit for a different reason, that the appeal should be dismissed insofar as it relates to the habeas corpus proceeding. The appeal in both proceedings is from a single order of the Appellate Division entered December 6, 1971. Notice of entry was mailed to the defendant on December 8. Inasmuch as appeals to this court in habeas corpus oases are governed by the CPLB (arts. 55 and 56) and not CPL 460.20, defendant had 30 days from service of notice of entry to either move for permission or proceed as of right (CPLB 5513, subds. [a], [c]). The application for a certificate pursuant to CPL 460.20 did not satisfy this requirement since that, of course, was limited to the coram nobis proceeding. As a result, the grant of leave by an Associate Judge of this court does not relate to the habeas corpus proceeding. Since the defendant’s notice of appeal is dated January 26, 1972, it is beyond the 30-day period. The habeas corpus appeal is thereby rendered untimely and is subject to dismissal. Defendant’s motion for leave made during argument also comes too late. Since a timely appeal as of right was never taken, the ameliorative sections of CPLB 5514 (subd. [a]) are inapplicable and the application for leave must also be dismissed.
*845 Accordingly, the order appealed from should be affirmed insofar as it relates to the coram nobis proceeding and dismissed, as untimely, insofar as it relates to the habeas corpus proceeding. The motion for leave in the habeas corpus proceeding should similarly be dismissed.
In People v. Nettles: Order reversed and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein.
Chief Judge Fuld and Judges Burke, Bergan, Breitel and Gibson concur in Per Curiam opinion; Judge Scileppi dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
In People ex rel. Nettles: Appeal dismissed, without costs, upon the ground that the appeal does not lie in the absence of a grant of leave to appeal. Application made in open court for leave to appeal denied.
Chief Judge Fuld and Judges Burke, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion; Judge Scileppi dissents in part and votes to dismiss the appeal and the application for leave to appeal for untimeliness in a separate opinion.