George D. Ogden, J.
On or about May 11,1962 defendant was charged in Indictment No. 6 with the crime of rape in the first degree. On June 5, 1962 defendant, represented by counsel, pleaded guilty of said crime and was sentenced on or about June 25,1962. The judgment of conviction was unanimously affirmed (People v. Glover, 18 A D 2d 959).
Tn the instant application, petitioner alleges: ‘ ‘ This application is brought upon the grounds that the conviction and sentence *5 are illegal and void in that petitioner has not been convicted pursuant to a verdict of ‘ guilty ’ rendered against him by a jury, nor was he convicted upon his own plea of ‘ guilty ’ as are required by the statutes of the Code of Criminal Procedure”.
Pages 44 and 45 of the transcript of the minutes of plea on June 5, 1962, contain the following:
“ hr. pollard : I understand that you desire to withdraw your plea of not guilty to the first count to Indictment No. 6, filed May 11th, 1962, charging you with rape in the first degree and to enter a plea of guilty to the first count of the indictment which alleges in substance that on or about May 1st, 1962, at Rochester you feloniously perpetrated an act of sexual intercourse with Bonnie Kelly, a female not your wife, and under the age of eighteen years, to wit, thirteen years of age, when, by reason of mental and physical weakness and immaturity she did not offer resistance; is that correct?
‘ ‘ the defendant : Correct, yes.
# # #
‘ ‘ mr. pollard : Have any threats been made to you by any one which might operate to induce your plea of guilty here?
“ the defendant: No.
“ the court: Well, the Court, of course, accepts his plea. This defendant has a right to plead, as he has, to any count ”.
This is another motion or application for postconviction1' relief directed by defendant at this conviction of June 25, 1962. A petition, verified by defendant September 2, 1966, states, s,‘ That your petitioner entered a plea of guilty to the first count of said indictment under the belief that his punishment would not be so great as it would have been if such sentence was the product of a verdict rendered by a jury ”.
Section 335 (subd. 1) of the Code of Criminal Procedure (in effect at the time .of defendant’s conviction) reads as follows: ‘ ‘ A plea of guilty can only be put in by the defendant himself in open court ”. There can be no question that the plea was made in open court and the claim of defendant that he was not properly convicted upon his plea of “ guilty ” is “ ‘ conclusively refuted by unquestionable documentary proof’” (People v. Picciotti, 4 N Y 2d 340, 345). As the court stated in People v. Sadness (300 N. Y. 69, 73), “As we read the language of section 335, compliance with its mandate depends upon the putting in of the plea in open court, rather than upon the circumstance that the actual word of ‘ guilty ’ must issue from the mouth of the defendant himself ”. (See, also, People ex rel. La Fay v. McMann, 33 A D 2d 1102; People v. Weires, 10 N Y 2d 1017.)
*6 The alleged error appeared on the face of the record, the judg-ment of conviction has been affirmed, and no “ post-conviction remedy may be employed to perform the office of an appeal” (People v. Howard, 12 N Y 2d 65, 68).
Defendant was legally convicted; his application for a writ of error coram nobis is in all respects denied.